# Pyle *against* Pennock.

The rolls of an iron rolling-mill, as well as the iron plates with which the floor of such mill is covered, and which are an indispensable part of it, though not manufactured for that purpose, are part of the realty, and pass by a sale of the rolling-mill.

ERROR to the Common Pleas of *Chester* county.

This was an amicable action on the case by Joel Pennock, to the use of P. Frazer Smith, his trustee for the benefit of his creditors, against Joseph Pyle, in which it was agreed that the following facts should be submitted to the court below in the nature of a special verdict.

P. Frazer Smith is trustee of Joel Pennock, under an assignment of all his personal property for the benefit of his creditors, made September 16, 1839. Subsequent to the assignment, Joseph

[Pyle v. Pennock.]

Pyle purchased at sheriff's sale certain real estate of the said Joel, being "Laurel Rolling-mill" and farm. At the time of the sheriff's sale, the *housings* in the rolling-mill were filled with *rolls*, with the exception of one set thereof, and the rolling-mill was, in this respect, in running order. There were certain other rolls in the mill, which had been used in the manufacture of iron, but which had been removed from the housings aforesaid, in which they had been accustomed to run, and were not, at the time, in any way connected therewith. The rolls can be placed in the housings, and removed therefrom at pleasure. In the manufacture of iron, it is usual to have more rolls than housings, in order to change them when it is proposed to manufacture different kinds of iron.

The floor of the bar-iron-mill was covered with plates of defective boiler-iron. It is usual and necessary, for the proper manufacture of bar-iron, that the floor should be covered with iron of some sort. Sometimes old stove-plates are used for that purpose. Those plates were kept down by their own weight, and may be removed without injury to any other part of the building. The plates were not manufactured for the purpose of being used as a floor.

The questions for the opinion of the court are, whether the said *rolls* which were not in the housings, and the said plates of iron, were *real* or *personal* property. If the court shall be of opinion that the said rolls and plates, or either of them, were personal property, and as such passed under the said assignment, then judgment, designating on which branch of the case, to be entered in favour of the plaintiff; the amount to be settled by the parties. If the court shall be of a contrary opinion, then judgment to be entered for the defendant. If the opinion of the court shall be in favour of either party on the whole case, then the costs to abide the event. If it be in favour of one party on one branch of the case, and in favour of the other on the other branch, then the costs to be equally divided.

The court below entered judgment for the plaintiff.

Error assigned:

The court erred in entering judgment in favour of the plaintiff, upon the case stated.

*Darlington* and *Meredith*, for plaintiff in error, were stopped by the court.

*Lewis* and *Dillingham, contra,* contended that although the rolls were part of the realty, on the authority of *Voorhis* v. *Freeman,* (*ante* 116), yet the plates which covered the floor of the mill were personal property; and cited 2 *Kent's Com.* 342; 6 *Cow.* 665; 2 *Cow.* 319; 17 *Serg. & Rawle* 415.

PER CURIAM.—The principle of this case is settled by *Voorhis* v. *Freeman,* (*ante* 116). As regards the rolls, it is that case in

terms; and as regards the iron plates, it is stronger still. These constituted the floor of the mill, and were, according to the case stated, an indispensable part of it. It surely would not be thought that a brick floor is not a part of the building, or that the bricks would not pass by a conveyance of it; and the nature of the material of which the floor consists, cannot make a difference as to the character of the thing. Of what importance can it be whether the plates were made for a floor in the first instance, or for something else? Stones quarried for the purpose of being used in a wall, would as readily pass as a part of the realty when laid as a pavement, as if they had been otherwise worked up in the building. Nor is it of consequence that these plates were held to the foundation by their gravity. The mill itself was held no otherwise; they were therefore equally a part of it, and passed as such to the defendant below.

Judgment for the plaintiff below reversed, and judgment here for the defendant.