## Lane *versus* Harrold *et al.*

1. A tenant in common may maintain an action for mesne profits against his fellow, after recovery against him in ejectment.

2. A judgment in ejectment is conclusive of plaintiff's right to the possession and to mesne profits.

3. A judgment in ejectment estops the defendant from denying that he was in possession when the writ was served, or that his possession was tortious.

4. Such judgment is primâ facie but not conclusive of defendant's possession till the time the habere was executed; he may show that he was not in afterwards.

5. Ejectment for a tract of land; after verdict for plaintiff for the whole and reversal, defendant disclaimed for three-fourths, the verdict was for plaintiff for three-fourths and defendant for one-fourth, and he continued in possession of the whole until the habere.   *Held,* That the plaintiff might recover mesne profits for the three-fourths from the service of the writ.

6. Lane *v.* Harrold, 16 P. F. Smith 319, distinguished.

October 30th 1872.    Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Westmoreland county :* No. 83, October and November Term 1872.

This was an action of trespass for mesne profits, brought December 17th 1869, by Henry Lane against Bennett Lane and Elizabeth Harrold.

The cause was tried February 14th 1872, before Logan, P. J.

The plaintiff gave in evidence the record of an action of ejectment between the same parties to August Term 1865 of the Court of Common Pleas of Westmoreland county.  The land described in the writ of ejectment was for the whole of the tract, for three-fourths of which the plaintiff in this case claimed mesne profits.  The record showed further, that the writ in ejectment was served on the defendants August 1st 1865.   On the 20th of November 1867, there was a verdict for the plaintiff for three-fourths of the land, and for the defendant for one-fourth.   On the 25th of November judgment was entered on the verdict; this judgment was affirmed by the Supreme Court, November 1st 1869, and the plaintiff put into possession under an habere facias on the 1st of December 1869.

The plaintiff gave evidence that the defendants had had possession of the whole premises from 1865 to 1870, that during that time they had refused to allow him possession, and had driven him from the house on them.

The court charged :—

" This is an action of trespass *vi et armis*, brought to recover mesne profits.  The plaintiff and defendants in this case are tenants in common of the tract of land for the profits of three-fourths of which this action is brought; the plaintiff owning three-fourths and the defendant one-fourth of the land.   To sustain an action of trespass *vi et armis* between tenants in common, there must, in ordinary cases, be either proof of actual ouster or of such facts and circumstances as that the law would infer an actual ouster.

" The plaintiff in this action, however, relies upon a prior action of ejectment.   The fact of an actual recovery in such prior action would, it is conceded on all hands, be conclusive of the question of ouster in this cause, and entitle the plaintiff to recover for the profits to the extent of the fractional interest during the period of actual ouster, not exceeding six years.

" It then becomes important to inquire whether there has been a prior recovery in any action of ejectment between these parties. To sustain this, the plaintiff offers record of the C. P. of this county, No. 61, August Term 1865, and by his counsel .claims that the verdict in this action of ejectment is conclusive as to the ouster of plaintiff by defendants of the three-fourths of the land ; they further urge that the defendants only disclaim title, and not possession, as to these three-fourths in that action.   We cannot agree

that the verdict in that action is conclusive evidence as to the ouster. That verdict has received a construction by our Supreme Court: vide 16 P. F. Smith, page 319. Thompson, C. J., in the opinion there reported, holds the following language, as to the effect of the verdict on the record before us: 'It appears, in this case, that the defendants at first took a general defence, by a plea of 'not guilty;' but afterwards disclaimed title as to all the land described in the plaintiff's writ, excepting the one undivided fourth-part of it; and there was a verdict on the trial in favor of the plaintiff for the undivided three-fourths part of the land described, in favor of the defendants for the remaining one undivided fourth-part. This was exactly according to the disclaimer. It was a finding that the defendants had not possession of any more or greater proportion of the land sued for than that for which the defence was taken.' This, then, construes the verdict as a finding that the defendants were not in possession of the three-fourths of the land; and the fact of their not having been in possession, is inconsistent with an ouster by them of plaintiff as to this part.

" Again, this is an action brought to recover mesne profits for three-fourths of the land, based upon the alleged prior recovery in favor of plaintiff on the record just referred to; whilst, in the opinion of the Supreme Court, to which reference is made above, it is held to have been substantially a recovery for the defendant.

" From this we conclude there has been no such prior recovery in ejectment shown by the evidence as will sustain a recovery in this action, and we instruct you to return a verdict for the defendants."

The verdict was for the defendants.

The plaintiff took a writ of error, and assigned the charge for error.

*H. P. Laird* (with whom were *H. C. & J. A. Marchand*), for plaintiff in error.—The recovery of the plaintiff in the former action was conclusive evidence of his right to recover mesne profits of his share of the land: Drexel *v.* Man, 2 Barr 271; Huston *v.* Wickersham, 2 W. & S. 308; Osbourn *v.* Osbourn, 11 S. & R. 55; Postens *v.* Postens, 3 W. & S. 182; Sopp *v.* Winpenny, 18 P. F. Smith 78. One tenant in common can recover mesne profits from his co-tenant in an action of trespass for mesne profits after a recovery in ejectment and possession delivered under a *habere facias possessionem*: Critchfield *v.* Humbert, 3 Wright 427; Bennet *v.* Bullock, 11 Casey 364; Hare *v.* Fury, 3 Yeates 13; Chambers *v.* Lapsley, 7 Barr 24; Reid *v.* Stanley, 6 W. & S. 369.

*H. D. Foster,* for defendants in error, referred to Lane *v.* Harrold, 16 P. F. Smith 319.

[Lane *v.* Harrold.]

The opinion of the court was delivered, January 6th 1873, by

Williams, J.—That a tenant in common may maintain an action of trespass for mesne profits against his co-tenant, by whom he has been ousted, after a recovery against him in ejectment, is too well settled to admit of doubt: Hare *v.* Fury, 3 Yeates 13; Chambers *v.* Lapsley, 7 Barr 24; Bennet *v.* Bullock, 11 Casey 364; Critchfield *v.* Humbert, 3 Wright 427. The judgment in ejectment is conclusive evidence of the plaintiff's right to the possession of the premises, and his right to mesne profits from the service of the writ: Osbourn *v.* Osbourn, 11 S. & R. 55; Huston *v.* Wickersham, 2 W. & S. 309; Postens *v.* Postens, 3 Id. 182; Man *v.* Drexel, 2 Barr 202; Man *v.* Drexel, Id. 271; and it is also conclusive evidence that the defendant was in possession of the premises when the writ was served, and estops him from denying that he had possession, or that his possession was tortious. But it is not conclusive evidence of his possession after the service of the writ, and will not prevent him from showing that he abandoned or surrendered the possession to the plaintiff, or was not in it after the writ was served: Mitchell *v.* Freedley, 10 Barr 198; Sopp *v.* Winpenny, 18 P. F. Smith 78. But though not conclusive, it is primâ facie evidence that he continued in possession down to the time when the writ of habere facias possessionem was executed. It follows that under the evidence in this case the plaintiff was entitled to maintain the action of trespass for mesne profits. The judgment in ejectment for the undivided three-fourths of the land, for which the action was brought, was conclusive of the plaintiff's right to the possession and his right to the mesne profits from the commencement of the suit, and of the defendants' possession at the date of the service of the writ; and in addition to the evidence furnished by the judgment there was direct and positive testimony that the defendants were in the exclusive possession of the land from the date of the service of the writ until after the recovery in the ejectment. If the evidence was believed the plaintiff was entitled to recover. But the court below, misapplying the language of the Chief Justice in delivering the opinion of this court, in Lane *v.* Harrold, 16 P. F. Smith 319, which was a mere question of costs, told the jury that there had been no such recovery in ejectment shown by the evidence as would sustain a recovery in this action, and instructed them to return a verdict for the defendants. This was clearly error. The court, instead of giving a binding direction to find for the defendants, should have submitted the case to the jury, under proper instructions, for their determination upon the evidence.

Judgment reversed, and a *venire de novo* awarded.