## Herron v. Jones & Laughlin Company, Limited, Appellant.

*Trespass—Injury to real property—Blasting ore—Damages.*

In an action of trespass to recover damages for injuries to real property caused by alleged negligent blasting of ore at a furnace, the case is for the jury where it appears from the defendant's own evidence that in the winter, when the weather was very cold, the ore used by the defendant at its furnace was frozen to such an extent that it became necessary at the time to blast it in the ore house, or on the cars, and this is supplemented by the testimony of plaintiff and his wife which tended to show that portions of this ore were frequently thrown by the blasting against the house, and on to the lot of plaintiff.

In such a case the measure of damages is the cost of the restoration of the property to the condition in which it was before the injury was sustained, unless such cost should equal or exceed the value of the property, in which case the value is the correct measure of damages; and the period to which the damage is to be estimated is the time of the commencement of the action. The plaintiff will also be entitled to recover the value of the premises during the period for which he lost its use by reason of the alleged trespass of defendant, and the expense incident to his removal therefrom. It is the rental value of the property injured, and not the rent paid by plaintiff for another property, which is to be considered in determining the damages.

Argued April 15, 1903.   Appeal, No. 88, by defendant, from judgment of C. P. No. 1, Allegheny Co., March T., 1902, No. 98, on verdict for plaintiff in case of Hugh Herron v. Jones & Laughlin Company, Limited.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Trespass to recover damages to real estate.   Before BROWN, J.

At the trial it appeared that the property of plaintiff was about 200 feet from defendant's furnace, and that it had been injured by the blasting of ore during the winter months.

Defendant presented these points :

1. There is no evidence in this case of any negligence on the part of the defendant in blasting the ores upon its property. *Answer :* Refused. [1]

2. There is no sufficient evidence in this case that the injuries complained of were caused by the blasting of ores upon the defendant's property.   *Answer :* Refused. [2]

3. That under all the evidence in this case the verdict of the jury must be for the defendant.   *Answer :* Refused. [3]

The court charged in part as follows :

[The damages, if any, are to be measured by the depreciation in the value of the property as of the date of the injury, with an additional sum, at the discretion of the jury, not exceeding six per cent per annum, as compensation for delay in the payment of the damages.] [4]

[If the property was injured in the manner claimed by the plaintiff, to what extent was it depreciated in value ?   While the plaintiff alleges it was a total loss, reputable witnesses of many years' experience in the real estate business, familiar with the property and with market values in its vicinity, say that the depreciation does not exceed $200 to $400.   It is for you to measure and settle this conflict of testimony on the question of depreciation in value.] [5]

[If Mr. Herron's property was depreciated in value as the result of the explosions, what does the fair weight of the testimony indicate as the real damage ?   Was it $200, $300 or $400, as testified to by some of the defendant's witnesses—Mr. Hornberger and I believe one or two others ; or was it a higher figure, in the direction of the plaintiff's claim ?] [6]

[Then, if the plaintiff is entitled to recover at all, there is an item of rent to be considered in the case. In addition to the depreciation of the real estate, and compensation for delay in payment, if you think the plaintiff's claim was not exorbitant; in addition to that the plaintiff would be entitled to recover for loss of rent, or rather for the expense he was put to in the shape of rent for a short period of time, from about February, 1902, when he left this property, until June, when the property was sold. His title to this property ceased in June, so that whatever right he had in it ceased at that time. Therefore, after that time he would have to pay his own rent, and the item of rent in this case would cover the period from February to June, 1902.] [7]

Verdict and judgment for plaintiff for $775. Defendant appealed.

*Errors assigned* were (1–7) above instructions, quoting them.

*Clarence Burleigh,* with him *John D. McKennan,* for appellant.—We contend that there was no evidence in this case of any negligence upon the part of the defendant in blasting ores upon its property, and no sufficient evidence in this case that the injuries complained of were caused by the blasting of ores upon appellant's property.

The court erred in the rule as to the measure of damages given to the jury in this case: Alexander v. Stewart Bread Co., 21 Pa. Superior Ct. 526 ; Robb v. Carnegie, 145 Pa. 324; Lentz v. Carnegie, 145 Pa. 612; Harvey v. Coal Co., 201 Pa. 63.

*W. A. Hudson,* of *Hudson & Rowley,* for appellee.—Negligence is always a question for the jury, where there is a conflict of testimony, or, for any cause there is a reasonable doubt as to the facts or as to the inference to be drawn from them: Howett v. Philadelphia, Wilmington & Baltimore Railroad Company, 166 Pa. 607 ; Gates v. Watt, 127 Pa. 20.

The court gave proper instructions in the measure of damages if Hugh Herron was forced, by the blasting of the ore from cars and sheds, to abandon his property : Herbert v. Rainey, 162 Pa. 525 ; Seely v. Alden, 61 Pa. 302.

Damages for injuries to property vary also according to the nature of the claimant's right. The owner of the freehold may undoubtedly recover for an injury which permanently affects or depreciates his property, while a tenant, or one having only a possessory right, may recover for an injury to his use or employment of his rights: Ripka v. Sergeant, 7 W. & S. 9; Schnable v. Koehler, 28 Pa. 181; Robb v. Mann, 11 Pa. 300; Williams v. Esling, 4 Pa. 486.

OPINION BY HENDERSON, J., May 22, 1903:

The plaintiff brought two actions against the defendant company at No. 8 and No. 496, March term, 1902, in the court of common pleas of Allegheny county. In the first the defendant was charged with negligence in the prosecution of its business in that it permitted limestone and iron ore to be blown out of one or more of its furnaces, by means whereof the house and lot of the plaintiff, situated about 200 feet from the furnace, were damaged and made uninhabitable.

In the second case it was charged that the defendant brought large quantities of iron ore into its ore house, situated about 200 feet from the house and lot referred to, and that in the prosecution of its business it caused quantities of ore to be blasted carelessly and negligently thrown against the house and upon the lot of the plaintiff, thereby endangering the lives of the plaintiff and his family and damaging the house in which they lived.

By agreement of counsel the cases were tried together, the verdict to include both cases. It was further agreed that the cases should be disposed of on the claim for damages arising by reason of the blasting of the ore, and that the evidence and claim relating to damage from the operation of the furnaces should be eliminated.

The first three assignments of error relate to the sufficiency of the evidence to justify the submission of the case to the jury. An examination of the evidence satisfies us that there was no error on the part of the court in refusing to affirm defendant's first, second and third points. The evidence for the plaintiff was of such a character that it was the duty of the court to submit the case to the jury. It appeared from the defendant's own evidence that in the winter when the weather

was very cold, the ore used by the defendant at its furnaces was frozen to such an extent that it became necessary at times to blast it in the ore house or on the cars; and the testimony of the plaintiff and his wife tends to show that portions of this ore were frequently thrown by the blasting against the house and on to the lot of the plaintiff, and the evidence offered by the plaintiff, if believed by the jury, would warrant a verdict in his favor.

The fourth, fifth, sixth and seventh assignments of error relate to the measure of damages, and upon the subject we think the rule stated by the court is not applicable to the case under consideration. The only question tried under the agreement of counsel was, whether the plaintiff sustained damage by reason of the negligent blasting of ore in the cars or ore sheds. It does not appear from the testimony in the case that the blasting of the ore is inseparably connected with the business of the defendant, or that it is a usual and customary incident of the business in which the defendant is engaged. The only occasion for blasting arises during a short period in the winter when the weather is so cold that the ore becomes frozen and unsuitable for use before it is broken up by the use of explosives. There is nothing in the case to indicate that this practice of the defendant might not be abandoned or practicable means adopted to prevent any injury to which the plaintiff or his property might be subjected. The business of the defendant is a lawful one, in which it has been engaged for many years, and the plaintiff would only be entitled to recover for such substantial injury to himself, his family or his property, as he might be able to show. The only question of damage submitted to the jury was that affecting the real estate, and the measure of damage applicable under the facts of the case is the cost of the restoration of the property to the condition in which it was before the injury was sustained, unless such cost should equal or exceed the value of the property, in which case the value is the correct measure of damages, and the period to which the damage is to be estimated is the time of the commencement of action. The plaintiff would also be entitled to recover the value of the premises during the period for which he lost its use by reason of the alleged trespass of the defendant, and the expense incident to his removal therefrom : Lentz

v. Carnegie Bros. & Co., 145 Pa. 612; Harvey v. Susquehanna Coal Co., 201 Pa. 63.

It follows, therefore, that the fourth, fifth and sixth assignments of error should be sustained.

The seventh assignment of error is also sustained.   The court inadvertently substituted the expense to which the plaintiff was subjected on account of rent paid by him after he left the premises for the rental value of his own property after he had ceased to use it.   The amount of the rent which the plaintiff may have paid for other property is not a proper subject of consideration in determining the damage to which he may be entitled.   If by reason of the trespass of the defendant his property was rendered uninhabitable, he would be entitled to recover the rental value thereof in addition to the cost of restoration and of removal to which we have before referred.

The judgment is reversed and a venire facias de novo awarded.

