## Titus *v.* Poland Coal Co., Appellant.

*Ejectment—Mesne profits—Trespass—Entry to condemn under unconstitutional act—Mines and mining—Fixtures—Maxim.*

1. Where a person enters upon land to condemn it under an act subsequently declared unconstitutional, he is a mere trespasser, and title to the buildings and fixtures which he places thereon vests at once in the owner of the land, as a gift, whether the trespasser so intended or not. The maxim quicquid plantatur solo, solo cedit applies.

2. Where the trespasser destroys a quantity of timber on the place, and also a quantity of coal, the owner is entitled to recover the fair value of the timber on the stumps and of the coal in place.

3. The owner is also entitled to recover the fair rental value of the land during the trespasser's occupancy thereof.

4. If the trespasser has removed a portion of the soil, and has caused some of it to be washed away, and has also left upon the premises large quantities of refuse, the owner is entitled to an amount sufficient to restore the soil and remove the refuse, not to exceed the value of the land. In such case the value of the land is not to be taken as of the date when the trespass began, but as of the date when it ended.

5. Where the trespasser removes structures or chattels which he has affixed to the land, the owner is entitled to recover their fair and reasonable value.

6. If the trespasser removes pit cars and electric motors by which the cars are operated, it is a question for the jury whether the cars and motors were so related to the mine property as to have become fixtures.

7. A chattel placed in an industrial establishment for permanent use and necessary to the operation of the plant, becomes a fixture.

8. Where a chattel has become a fixture in a plant, it does not lose its character by being taken elsewhere for a temporary use.

*Practice, C. P.—Trial—Written statement sent out with jury— Appeals.*

9. Where each side sends out a written statement to the jury, without objection or exception, one of the parties, on appeal, cannot object to the action of the trial judge in permitting the statement to go out.

10. Appellate courts will not as a rule review special matters under general exceptions to the charge, nor matters not suggested by the statement or question involved.

Argued October 4, 1922.     Appeal, No. 179, Oct. T., 1922, by defendant, from judgment of C. P. Greene Co., March T., 1917, No. 237, on verdict for plaintiff, in case of Emra L. Titus v. Poland Coal Co.    Before Frazer, Walling, Simpson, Sadler and Schaffer, JJ.    Affirmed.

Trespass for mesne profits.    Before Ray, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $23,000.    Defendant appealed.

*Errors assigned* were various rulings and instructions, appearing by the opinion of the Supreme Court, quoting record.

*W. C. Montgomery,* of *Crago & Montgomery,* with him *George D. Howell,* for appellant.—The court was in error in leaving to the jury to find whether the mine cars and motors were essential to the operation of the colliery.

The tramway, trolley line and haulage system with mine wagons and motors, rails, etc., and the fan and fan motor were not so affixed to the soil as to be part of the realty: Beech Grove Coal & Coke Co. v. Mitchell, 193 Pa. 112; Nat. Bank of Catasauqua v. North, 160 Pa. 303; Vail v. Weaver, 132 Pa. 363; Meig's App., 62 Pa. 28; Justice v. R. R., 87 Pa. 28; Shellar v. Shivers, 171 Pa. 569.

There was a taking under a condemnation law and the damage would be the difference in the market value before and after, and it would be ascertained as of the date of entry, which in this case was October, 1912: Rider v. Power Co., 251 Pa. 18; Thompson v. Traction Co., 181 Pa. 131; Becker v. Traction Co., 30 Pa. Superior Ct. 546.

Sending Titus' calculations to the jury was error: Welliver v. Canal Co., 23 Pa. Superior Ct. 79; Himes v. Kiehl, 154 Pa. 190.

*James J. Purman,* with him *James A. Garrison,* for appellee.

OPINION BY MR. JUSTICE WALLING, January 3, 1923:

This is an action of trespass for mesne profits. The plaintiff, Emra L. Titus, in 1901, being the owner of a tract of land in Monongahela Township, Greene County, conveyed the Pittsburgh vein of coal in one hundred and fifty acres thereof to J. V. Thompson et al., but retained the same vein of coal in the remaining fifteen acres of the tract. Thereafter the title to the one hundred and fifty acres of coal became vested in the Poland Coal Company, defendant, a Pennsylvania corporation, as did the title to the same vein of coal in some nine hundred and fifty

acres of adjoining land. An expert examination led defendant to the conclusion that the most feasible location for a mine or colliery from which to reach the one hundred and fifty acres of coal, and also that in adjoining land, was the fifteen acres, which it neither had nor could purchase. The defendant, therefore, in October, 1912, took possession of the fifteen acres and, by proceeding in the court of quarter sessions under sections 1 and 4 of article XII, of the Act of June 9, 1911, P. L. 756 (see pp. 801, 804), sought to acquire it under the right of eminent domain. This proceeding was successful in the lower court, but failed in the Superior Court, on the ground that those sections of the act were unconstitutional; see Poland Coal Company's Case, 58 Pa. Superior Ct. 312. Meantime, defendant continued to occupy the fifteen acres, or so much thereof as it desired, made five openings therein, constructed an electric tram railway twelve hundred feet in length thereon, also a fan house equipped with a large electric fan and motor, together with a foreman's house, small powder house, etc., and proceeded with its mining operation. Plaintiff protested against this occupation and use of his land and in 1915 brought an action of ejectment against defendant to recover the fifteen acres, which he did by verdict and judgment in the lower court, affirmed by this court January 4, 1919; see Titus v. Poland Coal Co., 263 Pa. 24. The instant case for mesne profits, brought before, and tried after, the final termination of the ejectment suit, resulted in a verdict and judgment of $23,000 for plaintiff; thereupon defendant brought this appeal.

Appellant states the questions involved as follows, viz: "(1) Question of the true measure of damage in trespass and for mesne profits, following a recovery in ejectment. (2) What constitutes a coal mine or colliery; and what are 'trade fixtures' connected therewith? (3) Questions of the propriety of sending out with the jury 'calculations' prepared by the parties, in cases of tort, and where the evidence is conflicting and uncertain." Plaintiff's

right to mesne profits was settled by his recovery in ejectment (Lane v. Harrold, 72 Pa. 267; Sopp v. Winpenny, 68 Pa. 78, 80) and, as he claimed only actual damages, we are relieved of any question as to such as are double, treble, or punitive.

In the establishment and prosecution of its mining operation defendant used and destroyed a considerable quantity of plaintiff's timber and five hundred tons of his coal, for which he was entitled to recover the fair value of the timber upon the stump and of the coal in place, and the jury were so instructed. On the affirmance of the ejectment suit, defendant vacated the premises, which it had occupied for over six years, and plaintiff was entitled to recover the fair rental value thereof during that time, as the jury were further instructed.

In the construction of its railway, etc., defendant had removed quantities of plaintiff's soil and had caused some to be washed away by water from the mine; it also left upon his premises large quantities of refuse, called "gob piles," etc., and the trial judge instructed the jury to allow plaintiff the expense of restoring the soil and removing the refuse, etc., not to exceed the value of the land. This follows Hershey v. H. S. Kerbaugh, 242 Pa. 227; Stevenson v. Coal Co., 201 Pa. 112; same case, 203 Pa. 316; Eshleman v. Martic Township, 152 Pa. 68; Lentz v. Carnegie, 145 Pa. 612; Welliver v. Penna. Canal Co., 23 Pa. Superior Ct. 79; Herron v. Jones and Laughlin Co., Ltd., 23 Pa. Superior Ct. 226; Glasgow v. City of Altoona, 27 Pa. Superior Ct. 55, 60.

The statute under which defendant sought to take the land in question being unconstitutional, was void (6 R. C. L. p. 117) and it follows that defendant was a mere trespasser upon plaintiff's land, and title to the buildings, fixtures, etc., it placed thereon vested at once in the owner of the land, as a gift, whether appellant so intended it or not: Huebschmann v. McHenry, 29 Wis. 655, 659. "The maxim quicquid plantatur solo, solo

cedit applies with strictness as between the owner of the fee and a stranger making an erection on or affixing chattels to the land without the consent of the landowner, and any such erection or article annexed to the soil becomes the property of the landowner": 13 Am. and Eng. Enc. of Law (2d ed.), pp. 619, 620; Hill v. Sewald, 53 Pa. 271; Crest v. Jack, 3 Watts 238. "It is a familiar principle that if a stranger, without the consent of the landowner, makes an erection on or affixes chattels to the land, such erection or article annexed to the soil becomes the property of the landowner": Jacoby et al. v. Johnson, 120 Fed. 487, 488; and see 11 R. C. L. p. 1081, section 24. This applies to the buildings, the electric fan therein and the motor by which it was operated, also to the railway and the copper trolley wire strung upon poles and used in moving the cars. Nevertheless, on the affirmance of the ejectment suit, defendant removed the electric fan and its motor, also the rails and spikes from the tram track and the copper trolley wire. The trial judge rightly charged the jury, that those articles were fixtures and as such belonged to the plaintiff, who was entitled to recover their fair and reasonable value.

At the same time defendant removed a large number of pit cars used on the tram railway and also the electric motors by which the cars were operated. The trial judge submitted to the jury the question as to whether they were so related to the mine and highly necessary to its operation as to be fixtures within the meaning of that term as he properly explained it, and, unless they so found, plaintiff could not recover therefor. This was all appellant could rightly ask. The Pennsylvania rule is that a chattel placed in an industrial establishment for permanent use, and necessary to the operation of the plant, becomes a fixture and as such a part of the real estate, although not physically attached thereto; in other words, if the article, whether fast or loose, be indispensable in carrying on the specific business, it be-

comes a part of the realty: Voorhis v. Freeman, 2 W. & S. 116; Pyle v. Pennock, 2 W. & S. 390; Morris's App., 88 Pa. 368, 383; Hill v. Sewald, supra; 26 C. J. 658, 659; 13 Am. and Eng. Enc. of Law (2d ed.) p. 611; 11 R. C. L. p. 1087, section 29. A well-considered opinion of the late Justice HAND, when in the court of common pleas, in Hillard Live Stock Co. v. Amity Coal Co., 11 Lanc. L. R. 241, cites many of our earlier cases and holds that mine cars, and tools in a blacksmith shop connected with the mine, are fixtures and pass with the real estate, as they are necessary to a complete mine. Whatever is a necessary part of the machinery for carrying on the business is a fixture irrespective of the manner of its attachment: Christian v. Dripps, 28 Pa. 271. There was ample evidence here to support a finding that the pit cars and motors were fixtures; however, there was some conflict in the evidence as to the manner and extent of their use and more as to their number and value and we are not prepared to say the trial judge erred in submitting the question to the jury, under proper instructions. Frequently, as here, the question as to whether an article has become a fixture, is a mixed one of law and fact: 11 R. C. L. p. 1092, section 33. As the question could not be ruled in appellant's favor as one of law, it was the gainer by its submission to the jury as one of fact, for it might have been and possibly was resolved in favor of defendant. We say possibly was so resolved, for the evidence as to other items of damage was sufficient to support the verdict.

Where a chattel has become a fixture in a plant it does not lose its character as such by being taken elsewhere for a temporary purpose: 26 C. J. p. 691, section 67. For the benefit of trade a tenant may, during his possession of the demised premises, remove a fixture he has placed thereon (Overton v. Williston, 31 Pa. 155; Seeger v. Pettit, 77 Pa. 437), but defendant was not a tenant.

The rule that a structure placed upon land by a trespasser belongs to the owner of the land does not apply

to the act of a railroad company or other corporation having the right of eminent domain: Justice et al. v. Nesquehoning Valley R. R. Co., 87 Pa. 28; and see Nittany Valley R. R. Co. v. E. S. & I. Co., 218 Pa. 224, 230.

Appellant's contention that the value of the land should be fixed as of 1912 when the trespass began, is untenable. It was not until the trespass ended in 1919 that the cost of restoration could be ascertained and the question necessarily was whether it exceeded the value of the land at that time. Defendant being a trespasser was, of course, not entitled to compensation for the buildings it placed upon the land: Davidson v. Barclay, 63 Pa. 406.

What appellant did on plaintiff's premises certainly constituted a coal mine (Westmoreland Coal Co.'s App., 85 Pa. 344), or a coal mining operation, and what we have said sufficiently covers the question of trade fixtures as connected therewith.

Each side prepared and sent out with the jury a written statement setting forth a claim as to the various items and amounts of damages, according to its version of the evidence. This was done without objection or exception; hence, appellant has no standing now to complain of the action of the trial court in permitting plaintiff's statement to go out with the jury: Little Schuylkill Navigation Co. v. Richard's Adm'r, 57 Pa. 142, 148; Kline v. Gundrum, 11 Pa. 242, 253; Welliver v. Penna. Canal Co., supra. The trial judge cautioned the jury, in effect, that these statements, while calling their attention to the various items and showing the contentions of the respective parties, were not proof and should only be considered when supported by a preponderance of the evidence as found after a careful examination (see Person & Riegel Co. v. Lipps, 219 Pa. 99); furthermore, there was no objection made or exception taken to this explanation, and only a general exception taken to the charge.

We have carefully examined the thirty-five assignments of error but find nothing that calls for a reversal; to enter upon a separate discussion of each would be unprofitable, especial'y as many of them are not suggested in the statement of questions involved.

The case was well and carefully tried and the judgment is affirmed.