## Colvin, Appellant, *v.* Crown Coal & Coke Company.

*Sheriff's interpleader—Sheriff's sales—Irregularities—Effect upon sale—Judgment creditors—Mortgagee in possession after default.*

In a feigned issue under sheriff's interpleader, it appeared that mining land and personal property appertinent thereto, was purchased by the mortgagee at sheriff's sale, pursuant to judgment by confession on the mortgage bond. The purchase price was paid, the sheriff's deed acknowledged and delivered, and possession taken. Later, a judgment creditor of the mortgagor levied on the machinery and equipment theretofore sold to the mortgagee.

In such case, it was error for the Court to charge that the sale was illegal, because the sheriff had failed to endorse upon the writ of fi. fa. a levy actually made. A sheriff is not required to endorse on a writ of fieri facias a schedule of the personal property levied on.

Mere irregularities, even though they are gross, appearing in the process and sale are ineffective to defeat the title after acknowledgment of the sheriff's deed, which is a judicial act. In a collateral proceeding such acknowledgment is conclusive, except for fraud and want of power to sell.

In such case, if the property in dispute was a part of the plant of the mining company, it became part of the realty and even though the sale had been invalid, the mortgagee in possession, after default by the mortgagor, could not be despoiled of it by a subsequent judgment creditor.

KELLER, J., dissents.

Argued April 13, 1927. Appeal No. 58, April T., 1927, by plaintiff from judgment of C. P. Somerset County, May T., 1925, No. 281, in the case of Frank R. Colvin v. Crown Coal & Coke Company, a Corpora-

tion. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Feigned issue under Sheriff's Interpleader. Before BERKEY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant in the sum of $8,937.75, and judgment thereon. Plaintiff appealed.

*Errors assigned,* among others, were the charge of the court and the refusal of defendants' motion for judgment non obstante veredicto.

*Joseph Levy,* for appellant.—The property in dispute is real property: Voorhis v. Freeman, 2 W. & S. 116; Titue v. Poland Coal Company, 275 Pa. 431; Hilliard Live Stock Company v. Amity Coal Co., 2 Lanc. L. R. 241; Morris' Appeal, 88 Pa. 368; Downingtown B. & L. Asso. v. McCaughney, 1 Chester 504; Boyer v. Webber, 22 Pa. Superior Ct. 35. The Sheriff's sale was valid: Weidensaul v. Reynolds, 49 Pa. 73; Crowell v. Meconkey, 5 Pa. 168; Keystone Collieries v. Mudge, 256 Pa. 131; Hinds v. Scott, 11 Pa. 19; Shields v. Miltenberger, 14 Pa. 76; Gibson v. Winslow, 38 Pa. 49; Mencke v. Rosenberg, 202 Pa. 131; Clough v. Welsh, 229 Pa. 386; Podol v. Shevlin, 284 Pa. 32; Scott v. Sheakly, 3 Watts 50; Buehler v. Rogers, 68 Pa. 9; Titusville Novelty Works Appeal, 77 Pa. 103; Dale v. Medcalf, 9 Pa. 108; Hartman v. Hefflefinger, 47 Pa. Superior Ct. 5; Radnor B. & L. Assn. v. Scott, 277 Pa. 63.

*Clarence L. Shawer,* and with him *James B. Landis,* for appellee, cited: Gallagher Brothers, Appellants, v. Davis, 179 Pa. 508; Heartley v. Baum, 2 Pa. 165; McClelland v. Slinghuff, 7 Watts & Sergeant 134;

Grubb v. Guilford, 4 Watts 223; 23 Corpus Juris, p. 425-426; Henderson v. Henderson, 133 Pa. 399.

OPINION BY HENDERSON, J., July 8, 1927:

This is a feigned issue under the sheriff's interpleader act. The plaintiff held a mortgage against certain property of the Somerset & Cambria Smokeless Coal Company, a Corporation, on which the latter had for a considerable time carried on a coal mining operation. A judgment bond accompanied the mortgage, and pursuant to the warrant of attorney contained therein, a judgment was confessed against the company for the amount of the mortgage debt of $10,000 and interest. The mining property and the personal property appurtenant thereto was sold as real estate by the sheriff after regular advertisement, and on May 12, 1924, a return of the writ was made showing a sale of the property to the plaintiff. Subsequently a deed was acknowledged by the sheriff in open court and delivered to the plaintiff who immediately thereafter took possession. On January 26, 1925, the Crown Coal & Coke Company issued an execution on a judgment against the Somerset & Cambria Smokeless Coal Company and a levy was made on the machinery and equipment theretofore sold to Colvin. Out of that levy grew the pending issue. At the trial, the plaintiff claimed a title to the property by virtue of the sheriff's sale above recited. The court held however that no title passed by that sale inasmuch as it did not appear from the record that the sheriff had levied on the property. Evidence was given to show that the sheriff proceeded to the premises and took possession soon after the plaintiff's writ was placed in his hands, but the court instructed the jury as a matter of law that the failure of the sheriff to endorse on his writ the levy of the real estate he undertook to sell rendered the sale illegal as the sheriff was without power to convey title. With re-

spect to the endorsement of a levy, it was decided in Weidensaul v. Reynolds, 49 Pa. 73, that there is nothing in our Acts of Assembly which requires a sheriff to endorse on a writ of fieri facias a schedule of personal property levied on. Nor is there any rule of common law which imposes on him such a duty. A levy is a seizure. The endorsement of it on his writ by the sheriff either in his return or in an annexed schedule is but evidence of the levy, and it cannot be exclusive evidence of it except in favor of subsequent execution creditors or purchasers. It is well established that nothing but fraud or the absence of authority to sell operates to invalidate a sale as a means of transferring title. Mere irregularities, even though they are gross, appearing in the process and sale are ineffective to defeat the title after acknowledgment of the sheriff's deed which is a judicial act. In a collateral proceeding such acknowledgment is conclusive except for fraud and want of power to sell. The acknowledgment of the deed in open court includes the recital of the writ which was the sheriff's authority to proceed. It involves a presumption of regularity in the absence of evidence showing affirmatively fraudulent conduct impeaching the transaction or such absence of authority on the part of the sheriff as would defeat the sale: Cock v. Thornton, 108 Pa. 637; Mencke v. Rosenberg, 202 Pa. 131; Clough v. Welsh, 229 Pa. 386; Boyer v. Webber, 22 Pa. Superior Ct. 35. The case is not one of a contest between two creditors whose writs of fieri facias are in the hands of the sheriff at the same time, nor does it appear on the record as in Dale v. Medcalf, 9 Pa. 108, that the sale took place after the return day of the writ which clearly exhibited a want of authority in the sheriff to sell. In the absence of evidence to the contrary, we regard it as a presumption of law after the acknowledgment of the sheriff's deed that the prop-

erty was seized by the sheriff and if so, the sale was regular. Our attention has not been directed to any statute which requires the sheriff to make an endorsement on a writ of fieri facias of such seizure.

If, however, the contention of the appellee is correct, the action of the court cannot be sustained for another reason. It appears from the record that the purchaser at the sheriff's sale is in possession of the property. He is there under the title acquired at that sale, or if that is invalid, he is in possession under a mortgage with respect to which the mortgagor has made default, and if the property levied on by the sheriff under the appellee's execution is part of the mortgaged premises, no argument is necessary to show that the mine cannot be despoiled of the machinery and appliances necessary to its operation by seizure on a writ of fieri facias against the mortgagor. The only real question in the case, therefore, is whether the property involved was part of the mining plant. It is established law that if the articles, whether fast or loose, are indispensable in carrying on the specific business, it becomes a part of the realty: Pyle v. Pennock, 2 W. & S. 390; Ege v. Kille, 84 Pa. 333; Morris Appeal, 88 Pa. 368. As against the mortgagee the subsequent execution creditor could not sell the coal and no more could he sell the cars, engines, and other machinery essential to the operation of the plant. The appellant is within his right in objecting to the dismemberment of the coal mining property at the instance of the junior judgment creditor. The court erred therefore in the instruction to the jury as set forth in the 3d, 4th and 5th assignments. The instruction should have been that if the property levied on was a part of the plant of the mining company or was used and useful in the prosecution of its business in the mining of coal, the verdict should be for the plaintiff. Whether all of the property levied on by

the sheriff was used in connection with the mining operation was a question of fact. Evidence offered for the plaintiff was to the effect that it was so used. If that evidence was credited the plaintiff was entitled to the verdict.

The judgment is reversed with a venire de novo.

KELLER, J., dissents.