## In re MILLIRON CONST. CO.
### No. 15036.

District Court, W. D. Pennsylvania.
Nov. 13, 1930.

Pentz & Pentz, of Du Bois, Pa., for Du Bois Nat. Bank.

Arnold & Smith and Liveright & Smith, all of Clearfield, Pa., for trustee D. E. Hibner.

Lisle D. McCall, of Du Bois, Pa., for wage claimants & general creditors.

Alter, Wright & Barron, of Pittsburgh, Pa., for People's Pittsburgh Trust Co.

SCHOONMAKER, District Judge.

This case came on to be heard on a certificate to review an order of the referee in bankruptcy refusing the petition of the Du Bois National Bank, trustee, to have paid to it the sale proceeds of certain personal property sold by the trustee in bankruptcy which the Du Bois National Bank claimed was subject to the lien of a certain mortgage executed by the corporation on August 18, 1927, mortgaging certain real estate in the city of Du Bois, county of Clearfield, and state of Pennsylvania, which mortgage contained the following provision: "Together with all the corporate and other franchises, rights, li-

censes and privileges, all equipment such as concrete ·mixers, steam roller, steam shovels, trucks, automobiles, portable railways, locomotives, cars, tools of every kind and character and description, in accordance with inventory made, sworn to and filed with the trustee by the Construction Company, and all lands, buildings and equipment and tools of every kind and character and description that may be hereafter purchased or possessed by the Construction Company."

The property claimed by the Du Bois National Bank, trustee, as subject to the lien of its mortgage, was purely personal property consisting of concrete mixers, steamroller, steam shovels, trucks, automobiles, and tools used by the now bankrupt corporation in its business of highway contractor in the building of public highways in the states of Pennsylvania, New York, and Ohio. None of the personal property involved had any fixed relation to the real estate mortgaged, and none of it was necessary to any business carried on upon the real estate, the real estate being used merely as a place to house and repair road-building machinery and equipment, when not in use upon the business of the corporation in building roads and public highways.

The Du Bois National Bank contends that this mortgage was authorized by the Pennsylvania Act of May 21, 1889, P. L. 257 (15 PS § 341), authorizing corporations to borrow money and secure the indebtedness by mortgage upon the real estate and machinery, or on their real estate alone. The trustee in bankruptcy contends that there is no statutory authority for the execution of this mortgage as against the road-building equipment which the Du Bois National Bank, trustee, is claiming subject to the terms of this mortgage.

As we approach this case, we do so understanding that it is against public policy in Pennsylvania to sustain chattel mortgages and sales which leave the property in possession of the debtor as against execution creditors. Roberts' & Pyne's Appeal, 60 Pa. 400; Klaus v. Majestic Apartment House Co., 250 Pa. 194, 95 A. 451 (221).

It is well-settled law that a trustee in bankruptcy stands in the position of an execution creditor. Therefore this mortgage cannot be sustained as against the trustee in bankruptcy unless there is some Pennsylvania statute which directly authorizes the mortgaging of this property. We can find no such act.

The Act of May 21, 1889, P. L. 257, cited by the counsel for the Du Bois National Bank, does not confer upon the corporation authority to mortgage its road-building equipment; that act merely authorizes the mortgaging, in connection with real estate, chattels that may have been placed on the premises for permanent use in the necessary operation of a plant thereon. It certainly cannot cover road-building machinery in use at various points along ·the highways of Pennsylvania, New York, and Ohio. This act was thoroughly discussed by the Pennsylvania Supreme Court in the case of Klaus v. Majestic Apartment House Co., supra, in considering a mortgage placed by a hotel company upon its real estate and personal property, where that court held that the Act of May 21, 1889, conferred no authority upon the hotel company to mortgage its furniture and equipment.

Counsel for the Du Bois National Bank, trustee, contends that this case should be ruled by the Pennsylvania authorities holding that a chattel placed in an industrial establishment for permanent use and necessary for the operation of the plant becomes a fixture and as such a part of the real estate whether physically attached thereto or not. Titus v. Poland Coal Co., 275 Pa. 431, 119 A. 540; Colvin v. Crown Coal & Coke Co., 90 Pa. Super. Ct. 560. We cannot see that these cases are applicable to the facts of the instant case at all. In the cases relied upon by the bank, the business of the corporation was transacted on the real estate. In the instant case, the road equipment and machinery was not used on the real estate, but throughout the highways of Pennsylvania, New York, and Ohio, where its business of highway construction company was carried on. These cases are not applicable to the facts of the instant case.

The order of the referee dismissing the petition of Du Bois National Bank, trustee, will therefore be sustained.