**In re PENN BREWING CO.**

**No. 8872.**

District Court, M. D. Pennsylvania.

Dec. 29, 1937.

Robert E. Woodside, Jr., of Harrisburg, Pa., for McKenna Brass & Manufacturing Co.

Roland U. Douglass, of Harrisburg, Pa., for S. F. Bowser & Co., Inc.

Earl V. Compton, of Harrisburg, Pa., for Frederick E. Smith, mortgagee.

JOHNSON, District Judge.

The court has for disposition two petitions to review orders of the referee in bankruptcy denying petitions for reclamation of certain property installed in the brewery of the Penn Brewing Company, debtor.

The McKenna Brass & Manufacturing Company, one of the petitioners, sold to the Penn Brewing Company, upon a conditional sale contract, a beer filler, crowner, and labeler, which was installed in the brewery. The Penn Brewing Company failed to make the stipulated payments and later filed a petition for reorganization, and subsequently was adjudged a bankrupt. While trustees appointed under section 77B, Bankr.Act, 11 U.S.C.A. § 207, were serving, the S. F. Bowser & Co., Inc., the other petitioner, installed in the brewery two beer meters and strainers pursuant to a bailment lease. The S. F. Bowser Company petitioned to reclaim the property after failure to pay installments under the lease. When the machinery was installed the property of the debtor was subject to a mortgage and several judgments. The only consent to the removal of any of the property was made by the mortgagee, who consented to the removal at any time of the machinery installed by the McKenna Brass & Manufacturing Company.

The trustees of the debtor offered for sale subject to the mortgage all of the real estate of the debtor, including any title and interest to any articles sold to the debtor under conditional sales contracts or bailment leases. The property was purchased by Thomas E. McDermott, who later conveyed to Imperial Brewing Company. The mortgagee subsequently foreclosed and purchased the property at the foreclosure sale.

The trustees of the debtor filed an answer to the reclamation petition filed by

the McKenna Brass & Manufacturing Company. After the trustees' sale of the property, the Imperial Brewing Company, purchaser, filed an answer. After the mortgagee foreclosed and purchased the property, he filed an answer.

The referee in bankruptcy, relying on the case of Central Lithograph Company v. Eatmor Chocolate. Company, 316 Pa. 300, 175 A. 697, held that the machinery installed under the conditional sales contract became a part of the realty, and since all of the lien creditors did not consent to the removal of the machinery, the conditional seller could not prevail under the Conditional Sales Act. The McKenna Brass & Manufacturing Company petitioned to review, and the only person opposing in this court is the mortgagee, now the purchaser of the property.

The Conditional Sales Act, Act May 12, 1925, P.L. 603, § 7, as amended by Act May 12, 1927, p. 979, § 2, 69 P.S.Pa. § 404, governing this proceeding, provided: "As against an owner, a prior mortgagee, or other prior encumbrancer of the realty, who has not assented to the reservation of property in the goods, if any of the goods are so attached to the realty as not to be severable without material injury to the freehold, the reservation of property in the goods so attached shall be void."

■ As against incumbrances of nonassenting parties. The reservation of property in the goods was void. But in this proceeding the only person opposing the reservation of property in the goods is the mortgagee. The trustees, having sold all their interest in the real estate and fixtures, are no longer interested, and are no longer contesting the reclamation petition. The judgment creditors' liens against the property are discharged and have attached to the proceeds. The Imperial Brewing Company, having lost the property by foreclosure proceeding, is no longer interested. Since the mortgagee, the only party interested, has assented that the McKenna Brass & Manufacturing Company may at any time remove the beer filler, crowner, and labeler, this assent is binding. Even if, as the mortgagee contends, he is claiming title from the purchaser at the trustees' sale, who obtained good title to the machinery, nevertheless he is the party to the original agreement permitting removal of the machinery, and takes title subject to that agreement. See Church v. Church, 25 Pa. 278; Rogers v. Lindsey et al., 13 How., 54 U.S., 441, 14 L.Ed. 215. Accordingly, the reclamation petition of the petitioner, McKenna Brass & Manufacturing Company, should have been granted.

■ The reclamation petition filed by S. F. Bowser & Co. was opposed by Imperial Brewing Company and subsequently by the mortgagee. The referee found that the beer meters and strainers installed in the brewery under the bailment lease were and are essential to the proper operation of the brewery, and became part of the realty subject to the incumbrances; and that, since the mortgagee and judgment creditors did not consent to the removal, the petitioner could not reclaim.

The petitioner's own testimony is that the meters are a permanent installation; that they are "sweated" on to pipes in the brewery and cannot be removed except by cutting the pipes with a torch; that they are required by government regulations to be installed or the brewery cannot operate. Therefore, a removal of the meters would not only impair the operation of the brewery, but would cause material damage to the realty. The meters became a part of the realty bound by the lien of the mortgage, Commonwealth Trust Co. v. Harkins, 312 Pa. 402, 167 A. 278, and the mortgagee could prevent the removal, Hutchman's Executor's Appeal, 27 Pa. 209.

■ It is alleged that the bailment lease was entered into by the trustees of the Penn Brewing Company. The bailment lease clearly shows otherwise. It is signed "Penn Brewing Company (Ralph Meckley, President)." The reclamation petition, prior to amendment, alleged that the lease was entered into by Penn Brewing Company. The petitioner, having installed the meters and strainers under a contract with the Penn Brewing Company, while the brewery was in possession of trustees, the petitioner was technically a trespasser, and title to the fixtures vested in the trustees for the benefit of the creditors of the bankrupt. Titus v. Poland Coal Co., 275 Pa. 431, 119 A. 540. The petitioner contends that if the Penn Brewing Company had no power to enter into the lease while Trustees were in possession, the case is governed by the decision in Re Pfeiffer Silk Corporation, D. C., 15 F.Supp. 618. In that case the owner of a factory and machinery leased it to a tenant, who, without authority of the lessor, removed and installed the machinery in another plant subject to a mortgage. The court allowed

the lessor to reclaim because the machinery was annexed to land of a third person without the consent of the owner of the machinery. However, in this case, the lessor or bailor itself voluntarily annexed the property to the realty with full opportunity to inform itself of the bankruptcy proceeding.

And now, December 29, 1937, the order of the referee denying the reclamation petition of McKenna Brass & Manufacturing Company is reversed, and the reclamation petition is granted; the order denying the reclamation petition of S. F. Bowser & Co., Inc., is sustained, and the reclamation petition is denied.