### JACOBY et al. v. JOHNSON.

(Circuit Court of Appeals, Third Circuit. February 20, 1903.)

No. 4.

1. TRIAL—ACTION FOR TORT—MEASURE OF DAMAGES—ERRONEOUS INSTRUCTION—CURE BY REMITTITUR.

Where, in an action of tort, there is error in the instructions, which may have caused the jury to render an excessive verdict against defendant, the only mode in which the error can be rectified is by granting a new trial; and ordering a new trial unless plaintiff remits a portion of the recovery—the amount being specified by the court, though there is nothing appearing of record by which the damages are apportionable—which is accordingly done, will not cure the error.

2. FIXTURES—PROPERTY OF TRESPASSER—REMOVAL BY OWNER—LIABILITY.

In an action by the owner of signs, placed on another's land without the landowner's consent, for damages for their removal, the plaintiff testified that the structures consisted of heavy posts, 16 feet long, sunk into the ground about 5 or 6 feet, with double braces against the wind, and sleepers laid on the ground to keep the structures from sinking deeper; the signs being from 100 to 200 feet in length. He further testified that the structures were moved by sawing down close to the posts, in sections, and then moving each section, and spiking another piece where the sawing was done, and nailing the sign up again. *Held*, that the signs were affixed to the realty, so as to become the property of the defendant landowner, relieving him from liability for damages occasioned the structures by their removal.

In Error to the Circuit Court of the United States for the District of New Jersey.

C. L. Cole, for plaintiffs in error.

Martin V. Bergen, Jr., for defendant in error.

Before ACHESON and DALLAS, Circuit Judges, and ARCHBALD, District Judge.

ACHESON, Circuit Judge. This was an action of tort. The plaintiff's declaration charged the defendants with having cut down and destroyed "certain temporary structures used as signs," the property of the plaintiff, erected and being on meadow lands back of Atlantic City. There was a verdict in favor of the plaintiff for $3,500. The defendants moved for a new trial, and after argument the court made an order setting aside the verdict and granting a new trial. The ground for this order, as stated in the court's opinion, was the failure of the court sufficiently to instruct the jury as to the measure

of damages applicable to the case, in the different views of the facts allowable under the evidence. The opinion concluded thus:

"It does not appear, of course, upon what ground the jury arrived at their verdict; but it is quite possible that they may have been misled by the deficiency of the charge in the respect stated, and have found a verdict for a much larger sum than a true measure of damage would have justified."

At a later date, upon a rehearing, the court modified its previous order granting a new trial, and ordered that if the plaintiff should accept a verdict of $1,800, instead of the verdict of $3,500, judgment for the lesser amount should be entered; otherwise the rule for a new trial should be made absolute. Thereupon the plaintiff filed a stipulation accepting a verdict for $1,800, and judgment for that amount was rendered.

Upon an examination of the record, we agree with the conclusion of the court below that its charge upon the question of the measure of damages was inadequate, and hence misleading. Could the court rectify this error in the way here pursued? Undoubtedly, where the jury, after being properly instructed by the court, return an excessive verdict, the court, in the exercise of its judicial discretion, may make a conditional order granting a new trial unless the plaintiff remits the excess. In such case, however, it is the error of the jury that is corrected; and, as the plaintiff voluntarily remits the excess, the defendant is not injured by a judgment for the reduced amount, and has no just cause to complain. But where, in an action of tort, there is error in the instructions of the court, which may have caused the jury to render a verdict against the defendant for damages in an amount greater than is justifiable, the only mode in which the court can rectify its error is by granting a new trial. In such instance the court cannot substitute its own estimate of the damages the plaintiff ought to have recovered for the sum found by the jury. The defendant is entitled to have the damages assessed by a jury under proper instructions by the court. Of this right the defendant cannot be deprived without his own consent. This, it will be noted, was not a case in which the damages were apportionable by anything appearing of record. The verdict was a general one, the jury finding a lump sum for the wrongs complained of in the several counts of the declaration. We are of opinion that the assignment of error covering this branch of the case is well founded and must be sustained.

As this case goes back for retrial, it is proper, and, indeed, necessary, that we notice some other matters brought before us by the bills of exception and assignments.

The counsel for the defendant in error (the plaintiff below), in their brief, referring to the signs here in question, say, "That the defendants were owners of land in the township, or even of the land whereon the goods were, is no answer to this suit, which is for damage to personal property." And authorities are cited in the brief to show that while the owner of land may remove the goods of a trespasser, or drive off the beasts of another trespassing on his land, he cannot destroy the goods, nor kill or wound the beasts, and, if he undertakes to remove the goods, he must do so with due care.

From the charge of the court we learn that the plaintiff tried his case upon the theory that his suit was for damage to personal property "which he owned, irrespective of any particular title to the land." The declaration designates the property as "temporary structures used as signs, the property of said plaintiff, erected and being on the said meadow lands." This, certainly, is not the most apt language in which to describe movable personal chattels. The plaintiff's own testimony, however, discloses the character of these structures. Testifying in his own behalf, he described them thus:

"Well, they are heavy posts sunk down in the ground. If I had that sign, I could explain it. (Model handed witness.) These are heavy posts sunk down in the ground. The ground is very soft, and we sharpen the ends of the posts, and push them down according to the height of the signs. That is, if the sign is low, we push our posts that much further in the ground; if it is high, we lift it out. Then these are double bracers to keep the wind from blowing it over. These are stakes that we drive in the ground. These you see here are what we call 'sleepers.' They are very heavy posts laid on the ground to keep the sign from sinking any deeper in the ground with the wind. This, I think, is a fair fac simile of the signs."

He further stated that the signs were from 100 feet to 200 feet in length, and that generally the posts were 16 feet long, and, on an average, were sunk in the ground about 5 or 6 feet. Being asked, "How do you move them?" he answered, "By sawing them down here close to the posts in sections, and then put lever under here, and raise each section out, and move it over, and then spike another piece on to this where we saw it down, and nail our sign up again without injuring it."

Upon the evidence, it is plain that these structures were annexed to the land. Now, it is a familiar principle that if a stranger, without the consent of the landowner, makes an erection on or affixes chattels to the land, such erection or article annexed to the soil becomes the property of the landowner. Grest v. Jack, 3 Watts, 238, 27 Am. Dec. 353; 13 Amer. & Eng. Ency. of Law (2d Ed.) 619, 620, and cases cited in footnote. Under the proof, the structures here in question, we think, came within the operation of this principle, if the plaintiff had no title to the land, and made the erections without any authority from the landowners. The defendants, by plea, set up their ownership of the land upon which the signs were erected, and they put in evidence deeds to show that the title to the land vested in them prior to the acts complained of by the plaintiff; and they examined a surveyor, who testified that he had run the lines on the ground, and that the defendants' title deeds include the land upon which the signs were erected and stood. There was no evidence that in erecting the signs the plaintiff acted by the license or with the consent of the defendants, or any person in privity with them. The defendants requested the court to charge as follows:

"(2) If the defendants have shown that they have title to the land on which the signs were erected, the verdict must be in their favor." "(6) If the defendants had title, they had a right to remove the signs, and there can be no verdict for damages against them."

The evidence fully warranted these requests, and we think that the instructions therein asked for should have been given without quali-

fication. These requests were not specifically answered, and it seems to us that they were not substantially affirmed by the general charge of the court. On the contrary, the charge made notice to the plaintiff to remove the signs a prerequisite to a lawful removal thereof by the defendants. The jury were instructed that if the defendants had failed to show title to the land, or had "failed. to establish that the plaintiff was properly notified or requested to remove the signs," the acts complained of were a trespass for which the plaintiff was entitled to redress. This instruction, we think, was erroneous, for, if the title to the land was in the defendants, they had a legal right to cut down and remove the signs without any notice to the plaintiff. As already observed, there was no evidence that the defendants, or any one in privity with them, had consented to the erection of the signs. Furthermore, if the defendants were owners of the land, they were not bound to exercise any care in the removal of the signs. If they owned the land, they owned these structures, and might do therewith as they saw fit. We may add, however, that it does not appear to us, from the evidence, that in removing the signs the defendants did anything more than was necessary.

The judgment of the Circuit Court is reversed, and the cause remanded, with direction to grant a new trial.