## PELTOMAA v. KATAHDIN PULP & PAPER 'CO.

(Circuit Court, D. Maine. December 3, 1906.)

No. 43.

1. NEW TRIAL—GROUNDS FOR SETTING ASIDE VERDICT.

It is not the duty of the court to set aside a verdict rendered on conflicting evidence, unless it finds that the jury were governed by prejudice, passion, or corrupt motives; and it will not do so in the exercise of its discretion, where it does not appear that the jury disregarded the instructions or failed to consider any part of the evidence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, §§ 144 145.]

2. SAME—EXCESSIVE VERDICT—DAMAGES FOR PERSONAL INJURY.

A verdict awarding $4,200 damages for a personal injury held not so excessive as to warrant the granting of a new trial under evidence tending to show that the injury was permanent, and that plaintiff had suffered and would continue to suffer therefrom.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, §§ 153–156.]

At Law. On motion for new trial.

William A. Pew and William H. Gulliver, for plaintiff in error.
E. C. Ryder and George E. Bird, for defendant in error.

HALE, District Judge. This is an action of tort to recover damages for personal injuries alleged to have been caused by the defendant's negligence in not using reasonable care in providing a suitable guy rope to support a derrick used in unloading a car of water pipe.

The case now comes before the court on the defendant's motion for a new trial. Upon that motion, learned counsel for the defendant have argued mainly upon the points that the verdict is against the weight of evidence and that the damages, $4,208.33⅓, are excessive.

The plaintiff is a Finn. The witnesses which he has introduced are, for the most part, Finns. A large part of the testimony in the record was taken by means of an interpreter. As counsel have suggested, there was hardly a proposition of fact raised in the whole trial of about a week's time that was uncontradicted. There is seldom a case heard in court where there is so much conflict of testimony. Each side charges that much of the testimony upon the other side is founded upon perjury. The defendant urges that the plaintiff received little or no injury, but has "put up" his whole case. After a long trial the jury were but 40 minutes in arriving at their verdict. It is not the duty of the court to set aside that verdict, unless it finds that the jury were governed by prejudice, passion, or corrupt motives.

No judicial expression upon the subject of granting a new trial has added much to what Chief Justice Shaw has said in the early case of Cunningham v. Magoun, 18 Pick. (Mass.) 14:

"The great principle which is at the basis of jury trial is never to be lost sight of—that to all matters of law the court are to answer, to all controverted facts, the jury. The verdict of a jury is practically to be taken for truth.

"Formerly this distinction was effectually preserved by special pleading, whereby juries were compelled to answer 'Yes' or 'No' to a precise fact. * * * But by the prevailing use, in modern practice, of general declara-

tions and general issues, the jury is in most cases left to find a general verdict. * * * The mode of trial, therefore, necessarily is, when the evidence is out, for the court to direct the jury hypothetically, adapting the instructions in point of law to the state of evidence, putting it to the jury to return a verdict for the plaintiff or defendant, as they shall find certain facts proved to their satisfaction or otherwise by the evidence. The consequence obviously is that the jury, in finding a general verdict, do in form return a verdict embracing the matter of law as well as fact; and therefore, as they may mistake the instructions of the court, or may take the law into their own hands, imagining it to be severe or inequitable, they may return a verdict manifestly against the law and truth of the case. To render such a mode of trial safe and tolerable, there must exist a power somewhere to re-examine verdicts with some freedom, and when it is manifest that juries have been warped from the direct line of their duty, by mistake, prejudice, or even by an honest desire to reach the supposed equity, contrary to the law of the case, it will be the duty of the court to set the verdict aside. When, therefore, the evidence is clear, plain, and strong, and the law has been clearly and explicitly stated to the jury, and they decide against the law, it imposes upon the court the duty of interfering, because it must be apparent that the jury have either intentionally erred, by mistaking the terms of their instructions, or misapprehended the weight of the evidence, or that they have mistaken their duty or abused their trust. * * * Where there is evidence for the minds of the jury actually and fairly to weigh and balance, where presumptions are to be raised and inferences drawn, and the jury may be presumed fairly to have exercised their judgment, a court will not feel at liberty to set a verdict aside, although upon the same evidence they would have decided the other way."

The decisions of the courts of Maine and Massachusetts have been consistent with the above statement of the law relating to this subject. In Reeve v. Dennett, 137 Mass. 315, the Supreme Court of Massachusetts quotes the language of Chief Justice Shaw, and says:

"A judge has a right to set aside a verdict which, in his opinion, is against the weight of the evidence, and in some cases it is his duty to do so; but whether he shall do so in any given case is a question addressed to his judicial discretion. To require him as a matter of law to set aside every verdict which is, in his opinion, against the weight of the evidence, would result practically in the trial of facts by the court, instead of the jury."

Federal courts have followed no different principle. Schuchardt v. Allens, 1 Wall. 359, 17 L. Ed. 642; Newcomb v. Wood, 97 U. S. 581, 24 L. Ed. 1085; Lincoln v. Power, 151 U. S. 436, 14 Sup. Ct. 387, 38 L. Ed. 224.

In some personal damage cases in the federal courts the judge has told the jury that, in his opinion, the evidence of the defendant was entitled to greater weight than that of the plaintiff; but, after the jury has found for the plaintiff, the court has then refused to set the verdict aside. Southern Pacific Co. v. Rauh, 49 Fed. 696, 1 C. C. A. 416; Sargent v. Home Benefit Ass'n (C. C.) 35 Fed. 711.

The Circuit Court in this district set aside two verdicts in the recent case of Morse v. Insurance Co. (C. C.) 124 Fed. 451, and 129 Fed. 233, because it was evident that the jury failed to consider certain uncontradicted evidence in the case, or gave no heed to the instructions of the court touching a certain question of law. In the case at bar I find no reason for holding that the jury disregarded the instructions given them by the court; nor do I find that they failed to consider any part of the testimony in the case. They certainly cannot be held to have disregarded any uncontradicted testimony in the case, because

there was no uncontradicted testimony; for every material fact testified to by a witness on the one side was contradicted by some witness on the other side. It is apparent, then, that the jury simply believed the plaintiff and his witnesses, and that they did not believe the testimony of the defense so far as that testimony contradicted the plaintiff.

I was careful to state to the jury precisely the issues submitted to them, and to give them, as clearly as I could, the law touching the several propositions presented, leaving to them the clear duty of deciding upon the questions of fact submitted. Whether or not I should have come to the same conclusion that they did is of no consequence. A recent philosophical text-writer has said that it is often unwise for judges to say whether or not they would have decided as the jury did. After hearing all the testimony of the witnesses, after endeavoring to give full and distinct instructions, I cannot say that the jury came to a decision from any corrupt motives, or from prejudice or passion.

On the question of the amount of damages, I instructed the jury, if they came to that question, that they must come to it as reasonable men, and added:

"More often than otherwise juries give excessive damages. Courts often have to deal with verdicts and set them aside when damages are excessive. You must be reasonable on all these questions. If you find the man has been injured, he should be made whole; it is your duty to be just. You are not permitted to be generous."

I further charged them to give to the question of damages "careful thought; not guessing." There was testimony in the case tending to show that the plaintiff had suffered, and would continue to suffer, from concussion of the brain. It seems clear that the jury believed this testimony. If they believed it, and disbelieved the testimony of the defendant on this point, their verdict should not be disturbed.

After fully hearing counsel upon the matter, and carefully examining the record, I come to the conclusion that it is clearly the duty of the court to deny the motion. Counsel for the defendant company have presented so clear, logical, and forcible an argument and analysis of the testimony in the matter that I felt it my duty briefly to state my reasons for denying the motion. ·

Defendant's motion for a new trial denied.