## UNITED STATES CAN CO. v. RYAN.

### No. 8551.

Circuit Court of Appeals, Eighth Circuit.

Feb. 18, 1930.

Rehearing Denied April 10, 1930.

Wayne Ely, of St. Louis, Mo., for appellant.

John S. Marsalek, of St. Louis, Mo. (Casper S. Yost, Jr., of St. Louis, Mo., on the brief), for appellee.

Before STONE, Circuit Judge, and MUNGER and REEVES, District Judges.

REEVES, District Judge.

The appellee, as plaintiff in the trial court, recovered a judgment against the appellant as the defendant. From this judgment the defendant has duly appealed.

Plaintiff alleged that damages accrued to her as the result of injuries sustained in an automobile collision at the intersection of Tenth street and Cass avenue in the city of St. Louis, Mo. Plaintiff was traveling south on Tenth street as a passenger or guest in an automobile driven by Mrs. Louise Wedding. As said automobile passed over the intersection, there was a collision between it and a truck of the defendant then being driven eastwardly on Cass avenue.

Plaintiff testified that, as the automobile in which she was riding, entered the intersection, she did not observe the approach of the truck. When she reached the center of the intersection, or beyond, she then observed defendant's truck approaching from the west, approximately 90 feet away. Because of the speed of the truck she suspected trouble. She thought it was coming very rapidly or at a speed of "around 35" miles per hour.

Mrs. Wedding, the operator or driver of the car, testified, as did plaintiff, that she brought her automobile practically to a full stop before entering Cass avenue. She looked toward the west, and saw the defendant's truck at least a half block away. She thought she had ample time to cross the intersection, and proceeded. When she reached the center of the intersection she again saw the truck about 40 feet away. She then realized she must accelerate her speed, and did so, at the

same time guiding to the left or east to give the truck clearance. The collision occurred at a point near the south side of said intersection.

The trial court submitted the case to the jury upon two issues of negligence raised by the averments of plaintiff's petition and her evidence, namely, first, failure of the driver of the truck to exercise the highest degree of care in the particular that he drove at a high and dangerous rate of speed under the circumstances; second, that he failed to observe the humanitarian or last chance rule.

The court also submitted to the jury the question of contributory negligence on the part of the plaintiff. The appellant contends on this appeal that no case was made for the jury, that the verdict of the jury was contrary to the law and the charge of the court, and that an excessive verdict was superinduced by improper argument of plaintiff's counsel. These will be noted and discussed in the course of the opinion.

■ 1. While there was evidence opposed to that adduced by plaintiff, yet the court "must give to the plaintiff the benefit of the most favorable construction" yielded by her testimony. Washington Ry. & Electric Co. v. Stuart, 50 App. D. C. 74, 267 F. 632.

■ Plaintiff testified, as did the driver of the car, that, as she entered the intersection, defendant's truck was not then in the intersection or in close proximity thereto. Plaintiff did not see it, but the driver observed it at least a half block west. When the plaintiff reached a point beyond the center of the intersection, she then observed it approximately 90 feet away. The driver, who saw it about the same time, said that it was 40 feet away. According to all the testimony on behalf of the plaintiff, the truck was being driven very rapidly and at an excessive rate of speed under the circumstances.

■ Mrs. Wedding said the intersection was clear as she entered Cass avenue. Under such circumstances, she had a right to proceed across. The truck was neither at nor near the intersection at that time. It was some distance therefrom when plaintiff and Mrs. Wedding reached the center thereof. It was the duty of the driver to keep his car under control with respect to speed. He either saw, or should have seen, the automobile in the intersection. Both the question of his speed and the last chance doctrine were submitted to the jury by appropriate instructions. If the jury believed the testimony of plaintiff, who said the truck was 90 feet west when

the automobile was in or beyond the center of the intersection, then undoubtedly it had a right to believe that the driver of the truck could have stopped or slowed down in time to avoid a collision. The jury would have been justified in believing the same thing if within 40 feet of the intersection, as testified by Mrs. Wedding. The evidence supported both the allegations of negligence submitted to the jury.

2. The defendant relies specially upon the case of Hammond v. Emery-Bird-Thayer Dry Goods Co. (Mo. Sup.) 240 S. W. 170, loc. cit. 173, as supporting its contention. In the Hammond Case plaintiff was denied recovery because the driver of the car, in which the plaintiff was riding, slackened its speed as the intersection was approached, and by his conduct suggested to the driver of the truck to proceed. The truck driver did so with accelerated speed, which was observed by the plaintiff and his driver.

In the instant case the automobile driver entered the intersection when the truck was more than a half block away. When the automobile reached a point beyond the center of the intersection, the truck was then 40 to 90 feet away. There is no analogy between the cases.

■ 3. It is argued, however, that the plaintiff was guilty of such contributory negligence as to preclude recovery, and that the trial court should have so instructed the jury. The question of contributory negligence was submitted to the jury by proper instructions. The point urged by defendant is that the plaintiff should have cautioned or warned the driver when she discovered the rapid approach of the truck at or near the center of the intersection.

The late Judge Sanborn, in the case of Cary Brothers & Hannon v. Morrison (C. C. A.) 129 F. 177, loc. cit. 181, 65 L. R. A. 659, announced an applicable principle:

"The question of contributory negligence, like every question of negligence, is ordinarily for the jury; and it is only when there is no substantial conflict in the evidence which conditions it, and when, from the undisputed facts, all reasonable men, in the exercise of a fair judgment, would be compelled to reach the same conclusion, that the court may lawfully withdraw it from them."

In Southern Pacific Co. v. Wright et al., 248 F. 261, loc. cit. 264, the Court of Appeals for the Ninth Circuit defined the duty of a passenger, as in the case at bar, as follows:

"Generally it is the duty of the passenger to sit still and say nothing. It is his duty, because any other course is fraught with danger. Interference, by laying hold of an operating lever, or by exclamation, or even by direction or inquiry, is generally to be deprecated; in the long run, the greater safety lies in letting the driver alone."

The question presented here is to determine whether the evidence disclosed such conduct on the part of the plaintiff as to warrant a holding that the case should have been withdrawn from the jury on the ground that her contributory negligence barred recovery.

The evidence showed that the driver of the automobile observed the approach of defendant's truck both as she entered the intersection and when she was at or near the center thereof. There is neither evidence nor inference that the collision could have been avoided if plaintiff had warned the driver. There was no noticeable lack of vigilance on the part of Mrs. Wedding, the driver of the automobile, nor did it appear that she was not cognizant of all that was transpiring. To hold plaintiff guilty of contributory negligence as a matter of law, the circumstances must have been such as to impel the plaintiff in the exercise of due care to have warned the driver rather than obey the rule of silence. Such circumstances were not shown.

As a guest in the automobile, plaintiff was only required to use the care of an ordinarily prudent person under like circumstances. Her duty was not original with respect to the operation of the automobile. That duty rested upon the driver. Plaintiff owed no duty until the known and appreciated circumstances reasonably required action on her part. Melican v. Whitlow Construction Co. (Mo. Sup.) 278 S. W. 361; Boland v. St. Louis-San Francisco Railway Co. (Mo. Sup.) 284 S. W. 141. Whether such circumstances existed became questions for the jury.

4. The amount of the verdict cannot be questioned in this court. Sun Oil Co. v. Rhodes (C. C. A.) 15 F.(2d) 790.

5. Defendant complains that counsel for plaintiff made improper argument to the jury. An examination of this complaint discloses that, upon objection to a line of argument, the court ruled favorably to the defendant, and that thereafter counsel obeyed the ruling of the court. No exception was saved. Moreover, at the request of defendant's counsel the court instructed the jury in such a way as to remove any impressions created by such argument, and such instruction was accepted as sufficient. We find no error upon this record, and the judgment should be, and is, affirmed.