## SEARFOSS v. LEHIGH VALLEY R. CO.
### No. 253.

Circuit Court of Appeals, Second Circuit.
April 1, 1935.

Stephen A. Machcinski, of New York City (Edward J. McCrossin, of New York City, of counsel), for plaintiff-appellee.

Alexander & Green, of New York City (H. S. Ogden, of New York City, of counsel), for defendant-appellant.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

This action was brought under the Federal Employers' Liability Act (45 USCA § 51 et seq.) to recover for personal injuries sustained by the plaintiff when returning from work at the end of the day on a railroad motorcar provided by the defendant for that purpose and operated by an employee of the defendant upon defendant's railroad. The plaintiff was a track repairman in the employ of the defendant. On August 1, 1933, the motorcar upon which he was riding with some twenty other such employees ran into a caboose at the end of a freight train of the defendant which had stopped on a sharp curve where it was hidden from the view of the operator of the motorcar until he reached a point so near the caboose that he was unable, at the speed he was running, to stop in time to avoid collision.

The defendant does not deny the jurisdiction of the court under the act, supra, as applied to the facts in this case; nor that the motorcar was being operated at an excessive and negligent rate of speed. The only other claimed negligent act of the defendant in stopping its train as it did was not submitted to the jury.

The jury returned a substantial verdict for the plaintiff which the defendant moved to set aside. The motion was denied upon condition that a remittitur be filed as to a portion of the amount, and after that was done the judgment on the verdict from which this appeal was taken was entered.

Two errors are claimed. One relates to the basis upon which the court fixed the amount of the remittitur upon the filing of which the denial of the motion to set aside

the verdict was conditioned and the other to the exclusion of evidence.

The verdict as returned by the jury was for $43,000. The motion to set it aside being made at once, the court stated that it was excessive and should be reduced to $20,000. Counsel for the plaintiff, however, having asked and been granted permission to submit a brief before final action on the motion, succeeded in having the motion held for further consideration.

■ The court later re-announced its decision to set aside the verdict and grant a new trial unless the plaintiff consented to a reduction. In so doing a short memorandum was filed in which it was stated that in the previous announcement immediately after the reception of the verdict no thought had been given to the counsel fee and necessary expenses the plaintiff would have to pay. Presumably the expenses referred to were the expenses of the trial. This was the reason given for making a reduction of the verdict to $30,000 instead of to $20,000 the condition upon which the motion was denied. Obviously it was not a sound reason, for the only recovery for trial expenses to which the plaintiff is entitled is limited to his taxable costs. But despite this, there was no reversible error. The first expression of the court's opinion as to the amount of the verdict decided nothing. The matter remained open until the eventual decision was made. That decision was an exercise of the court's discretion in favor of the defendant even though not so much in its favor as it had been led to expect. Where the claimed excessiveness of a verdict is not purely a matter of law—as where the maximum recovery permitted by a statute has been exceeded—but is only one of judgment as to the amount proved by the evidence, the decision rests with the trial court. Southern Railroad Co. v. Bennett, 233 U. S. 80, 34 S. Ct. 566, 58 L. Ed. 860. This court lacks the power to review as a question of fact the subject of excessive damages. Fairmount Glass Works v. Coal Co., 287 U. S. 474, 481, 53 S. Ct. 252, 77 L. Ed. 439; Jacque v. Locke Insulator Corporation (C. C. A. 2) 70 F.(2d) 680; Ford Motor Co. v. Hotel Woodward Co. (C. C. A. 2) 271 F. 625, 630. Lacking that power, we cannot decide that the judgment as rendered was in fact excessive. Consequently no reversible error has been shown in the denial, upon the condition finally imposed, of the motion to set aside the verdict and grant a new trial. For the limitations upon our power to review the action of a trial court upon motions for a new trial, see Miller v. Maryland Casualty Co. (C. C. A.) 40 F.(2d) 463.

The defendant endeavored to prove on the question of damages that the plaintiff was guilty of contributory negligence in failing to protest to the driver of the motorcar that his speed was excessive. It appeared that the plaintiff was familiar with the track over which the car was being operated and knew that it was approaching a sharp curve where the view ahead was obstructed but neither warned the driver nor made any protest as to the excessive speed of the car. When the driver of the car was being examined as a witness at the trial, he was asked by the defendant if he would have reduced the speed if any of the men had protested. On objection by the plaintiff the question was excluded.

■ The court later correctly charged the jury that the burden of proving contributory negligence was upon the defendant and explained its effect on the question of damages. In this connection the legal significance of the plaintiff's failure to warn the driver of the motorcar, provided the jury found that the circumstances were such that the duty was his under the law, was adequately covered. The duty was expressly conditioned upon a finding by the jury "that such warning would have been heeded and the accident avoided." This was but a recognition of the fact that, as it is the ability to act to prevent or minimize his injuries that imposes the duty upon the plaintiff to give a warning or make a protest, where that ability is lacking no duty exists for the law does not require a futile act. And that is precisely what made the exclusion of the question harmful error. The defendant was required to prove, to show the plaintiff's contributory negligence, a fact which the court refused to permit it to prove by the only witness who could have absolute knowledge of the subject. It may well be argued that the jury was entitled to infer that a protest or warning, if given, would have been heeded and would have prevented the accident. While that is true enough, it is equally true that the defendant was entitled to introduce competent direct evidence upon the subject. To compel it to leave a question of fact of such importance on the matter of damages to inference merely was to deny its right to prove by direct evidence a material issue raised by the pleadings. The exclusion of the question was harmful error provided the evidence was competent.

In this regard it is urged that the driver of the car could only have testified as to his present opinion concerning what he would have done under circumstances which never existed; that he could only have given a conclusion based upon an hypothesis contrary to fact. Such reasoning, however, loses sight of the real character of such evidence. While the question was in the form of a condition contrary to fact, it called not for an opinion or conclusion but for an answer showing the car driver's present knowledge of his willingness while driving the car before the accident to accept and be guided by a warning or protest as to speed. He of all men was competent to state that fact and because the defendant was denied the right to have him do so it is reasonable to believe that the jury was deprived of evidence which should have had a material bearing upon the size of the verdict.

Judgment reversed.