## MEILING v. MICHAEL.

No. 27961.    April 19, 1938.

A. M. Reinwand and John F. Thomas, for plaintiff in error.

Lawton Burton, for defendant in error.

PER CURIAM. This action was instituted in the district court of Comanche county by the defendant in error, hereafter referred to as plaintiff, against the plaintiff in error, hereafter referred to as defendant, to recover damages sustained to his person and property as the result of an automobile collision alleged to have been caused by the defendant's negligence. Defendant pleaded contributory negligence. Trial was had to a jury. Demurrer to the evidence of the plaintiff was overruled. Defendant then introduced evidence in his behalf, and plaintiff offered evidence in rebuttal. Defendant did not renew his demurrer or request a directed verdict at the close of all of the evidence. Defendant requested two instructions, which were refused by the trial court, but took no exceptions to the instructions which were given. The jury returned a verdict in favor of the plaintiff and assessed his recovery at the sum of $1,020.10. Motion for a new trial was overruled and denied, and defendant appeals.

The defendant contends here that the evidence shows that the plaintiff was guilty of contributory negligence and that defendant's requested instructions should have been given by the trial court. No authorities are cited in support of either of these contentions. Since the defendant did not renew his demurrer to the evidence or move for a directed verdict at the close of all of the

evidence, the sufficiency of the evidence to support the verdict cannot be challenged. Local Bldg. & Loan Ass'n v. Hudson-Houston Lbr. Co., 150 Okla. 44, 3 P.2d 156.

This being an action for personal injury and the defense being that of contributory negligence, the applicable rule has been aptly stated in Bucktrot v. Partridge, 130 Okla. 122, 265 P. 768 as follows:

"Under section 6, art. 23, Constitution of Oklahoma, the question of contributory negligence cannot be made a question of law for the court, but, in all cases, is a question of fact for the jury to determine, and the finding of the jury upon this defense is conclusive upon this court on appeal when there is any evidence reasonably tending to support such finding."

The first requested instruction of the defendant sought to have the jury instructed to the effect that a certain set of facts would constitute contributory negligence. Such instruction, had it been given, would have been erroneous. Mascho v. Hines, 91 Okla. 295, 217 P. 856; Goodrich v. City of Tulsa, 102 Okla. 90, 227 P. 91.

The second instruction requested was substantially covered in the instructions given by the court, and to which the defendant took no exception. This was sufficient. A party is not entitled to have instructions, otherwise correct, given in the language in which he offers the same.

The cause appears to have been fairly tried and submitted to the jury under instructions which were fundamentally correct. The verdict and judgment should not, and will not, be disturbed. Plaintiff has requested judgment against the sureties on the supersedeas bond shown in the case-made. It appears that Mrs. Charlotte Gable and Mrs. Anna Meiling are sureties on said bond and that the bond is in the usual form, conditioned to abide the judgment and pay the same and costs. Plaintiff is hereby given judgment in the sum of $1,020.10, with interest thereon at the rate of 6 per cent. per annum from November 17, 1936, and all costs of this action against the above-named sureties jointly and severally, for which let execution issue out of the district court of Comanche county.

Judgment affirmed.

RILEY, PHELPS, CORN, GIBSON, and HURST, JJ., concur.