## POWERS v. WILSON.

### No. 290.

Circuit Court of Appeals, Second Circuit.

April 8, 1940.

Leonard F. Wing and Fenton, Wing & Morse, all of Rutland, Vt., for appellant.

Edwin W. Lawrence and Lawrence & O'Brien, all of Rutland, Vt., for appellee.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for the plaintiff under § 5113 of the Public Laws of Vermont which makes the driver of a motor car liable to a "guest occupant" of the car only in case he has been guilty of "gross or wilful negligence" in its operation. The statute is of a not infrequent kind, and the phrase "gross negligence" has naturally occasioned difficulty here as it has elsewhere. Sorrell v. White, 103 Vt. 277, 153 A. 359; Shaw v. Moore, 104 Vt. 529, 162 A. 373, 86 A.L.R. 1139; Steele v. Lackey, 107 Vt. 192, 177 A. 309; Kelley v. Anthony, Vt., 8 A.2d 641. It is doubtful whether the vast amount of comment on the phrase has greatly helped to elucidate it. Probably at bottom it serves to describe that extreme degree of disregard for the safety of others that arouses indignation in others and demands retribution. It is not enough that the actor shall have been momentarily inattentive; he must deliberately embark upon an activity whose risk to others far outweighs any tangible interest that can be realized. Restatement of Torts, § 500, Commend d. In the case at bar the defendant was driving a party of two young women and another young man at night upon a road at a rate which one witness estimated at 75 miles, and which the nature of the damage showed to have been something of that order. He failed to make allowance for a turn to the left, collided with the abutment of a culvert, upset the car and killed the

two women. He offered no excuse except that he had gone to sleep, testimony which the jury need not have accepted and which is not very probable. Curiously enough, there seems to have been no suspicion that he was in liquor at the time. People will no doubt differ as to the culpability they pronounce upon such conduct; perhaps there are those who would say that, though such speeds were dangerous, they did not show so great a disregard of consequences as to demand moral reprobation. But it is certainly true that there are many who would regard them as reprehensible in the highest measure. Not only do they imperil life in case of a blow-out, but they make exceedingly dangerous all turns necessary to follow the road. Moreover, they are not the consequence of momentary inattention, but of a deliberate purpose to enjoy the exhilaration of the peril they create. Certainly a jury was justified in finding the defendant guilty of gross negligence; in their place we should have done the same.

The defendant also complains of the amount of the judgment. The jury brought in a verdict for $15,000 which the judge set aside unless the plaintiff would remit $6,000; this he did, but the defendant insists that the judge had abused his discretion in not reducing it still further. We have declared that where the jury has actually attempted to assess damages and has not exceeded permissible legal limits, we will not review the order of the trial judge denying a new trial, though we may think the award quite excessive or inadequate; that is, we have refused to consider whether his action was an abuse of discretion. Miller v. Maryland Casualty Company, 2 Cir., 40 F.2d 463; Searfoss v. Lehigh Valley R. Co., 2 Cir., 76 F.2d 762. We read Paf Manufacturing Co. v. R. L. Polk Co., 8 Cir., 72 F.2d 33, as in accord. It is true that in Fairmont Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 485, 53 S.Ct. 252, 77 L.Ed. 439, the Supreme Court reserved the question whether such an abuse of discretion may ever be reviewed, though it denied that power to the Circuit Court of Appeals upon an extreme occasion. Certainly it did not indicate any opinion contrary to our decision. The defendant supposes that Pettingill v. Fuller, 1 Cir., 107 F.2d 933, indicated that we would no longer follow the rule of Miller v. Maryland Casualty Co., supra. However, that case did not concern the quantum of damages; and nobody doubts that an abuse of discretion as to other issues may on occasion be ground for appeal. The doctrine of Miller v. Maryland Casualty Co., supra, is limited to the insufficiency or excessiveness of the verdict, and our discussion in Pettingill v. Fuller, supra, is not to be read as meaning that there is no difference between that ground for setting aside a verdict and others.

Judgment affirmed.