**MALONE v. MONTGOMERY WARD & CO., Inc.**

**No. 220.**

District Court, S. D. Mississippi, Jackson Division.

Feb. 20, 1941.

Barnett, Jones & Barnett, of Jackson, Miss. (Ross Barnett, of Jackson, Miss., and Frank Mize, of Forest, Miss., of counsel), for plaintiff.

R. H. & J. H. Thompson, of Jackson, Miss., for defendant.

MOSCOWITZ, District Judge.

This is a motion made by the defendant to set aside the verdict of the jury.

The motion is based on the following alleged grounds:

1. The Court erred in overruling defendant's motion, made at the conclusion of plaintiff's testimony, to exclude plaintiff's testimony and direct the jury to return a verdict in favor of the defendant.

2. The Court erred in refusing to grant defendant's instruction No. 1, shown of record, which instruction was requested after all testimony on behalf of the plaintiff and the defendant had been heard, said instruction being in the following words: "The Court instructs the jury to find for the defendant".

3. The Court erred in instructing the jury that it could award plaintiff punitive and exemplary damages.

4. The jury found contrary to the law.

5. The jury found contrary to the evidence.

6. The jury found contrary to the law and the evidence.

7. The jury found contrary to the weight of the testimony.

8. The jury found contrary to the credible evidence.

9. The verdict is excessive and shocking to the conscience and the amount thereof evidences passion and prejudice on the part of the jury.

10. Other causes to be assigned at the hearing.

The principal ground relied upon is that the verdict of the jury is excessive. The other grounds raised require no further consideration, as they were passed upon by the Court at the trial. The Court finds that the jury was warranted upon the evidence in finding a verdict for the plaintiff.

The jury was justified in concluding that the defendant's employee, Anding, during

the course of his employment, in a public place, in the hearing of thirty or forty people, in a loud voice that could be heard a block away, said to the plaintiff: "Don't you want to pay for those cartridges you stole?", and that by using this language Anding charged publicly that plaintiff committed the crime of larceny.

Therefore, the jury was justified in finding, and evidently they did so find, that the language so used by Anding was reckless, and in utter and reckless disregard of the rights of the plaintiff, and were uttered and published with a wicked intent of contributing to the hurt and harm of the plaintiff in his good name and reputation, and with a malicious intent, and with the intent to humiliate him in the eyes of these third persons who heard the utterance, by accusing the plaintiff of stealing cartridges belonging to the defendant.

The Court charged the jury upon the theory of a qualified privilege, and this with the consent of the plaintiff. In the absence of such consent the Court would not so have charged the jury, as the statements made by Anding were not in any wise privileged, and therefore, the plaintiff would be entitled to recover without showing malice.

However, the theory, as has been stated, upon which the Court charged the jury, was that there could be no recovery unless the jury determined that there was malice, and that malice could not be inferred from the language used.

The Court charged the jury that if the language was recklessly and wrongfully uttered, and with a total disregard of the rights of the plaintiff, the jury could conclude if they so found malice.

The jury has found that the statements made by Anding were made maliciously, and that the plaintiff's reputation has been injured.

The jury rendered a verdict in the sum of $15,000.

■ On a motion to set aside the verdict on the ground that it is excessive, or upon any other ground, the Judge should not substitute his judgment for that of the jury, and where a motion is made upon the ground that the verdict is excessive, the verdict should not be set aside unless it shocks the conscience of the Court, or unless it appears that the verdict was based upon prejudice or bias, and was excessive.

■ Not only is a plaintiff in an action of this kind or character entitled to compensatory damages, but likewise punitive damages. The test is not whether a Judge would award $15,000. The test is whether the size of the verdict rendered by the jury shocks the conscience of the Court, that is, whether the verdict itself indicates it was a result of prejudice, bias or sympathy. That the Court cannot conclude. It is a serious matter to charge a person of good character and good reputation with being a thief, in a loud tone of voice, and in the hearing of some thirty or forty people.

■ The jury evidently did award a verdict for compensatory and punitive damages. Punitive damages are assessed by way of punishment against a defendant for unlawful, malicious, wanton and reckless acts, and it is allowed by reason of undertaking to correct the conduct in the future, and to prevent its recurring in the future.

Punitive damages have been called smart damages, smart money, to make a defendant suffer for having unlawfully charged the plaintiff with larceny.

I think there could be no question, upon all the evidence that the jury was justified in finding that the statements made were made maliciously, and that Anding uttered the words claimed by the plaintiff. They had an opportunity to observe his manner and demeanor. Judging from his conduct on the witness stand he certainly did not impress the jury favorably. The jury was justified in finding that the words uttered, charging the plaintiff with being a thief, were uttered by him maliciously, and with total disregard of the rights of the plaintiff.

■ As I stated, the test is not whether a Judge, sitting without a jury, would have awarded $15,000, but whether from all the evidence the Court could say that the verdict was excessive. That the Court is unable to find. I can't hold, upon the evidence before me, that the verdict was excessive.

The motion is denied.