## OKLAHOMA NATURAL GAS CO. v. McKEE.

### No. 2237.

Circuit Court of Appeals, Tenth Circuit.

June 24, 1941.

Fisher Ames, of Oklahoma City, Okl., for appellant.

Ram Morrison, of Oklahoma City, Okl. (W. M. Morrison, of Prague, Okl., on the brief), for appellee.

Before BRATTON, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

A truck driven by appellee collided with a coupe owned by the appellant and operated by its employee, McGehee. Appellee alleged negligence and personal injuries. Appellant pleaded unavoidable accident and contributory negligence. The jury returned a verdict for the appellee in the sum of $12,499.80.

On consideration of appellant's Motion for a Directed Verdict and for a New Trial in the Alternative (Rule 50 of Rules of Civil Procedure, 28 U.S.C.A. following section 723c), the court ordered and the appellee accepted a remittitur and final judgment was entered against the appellant in favor of the appellee in the sum of $7,500.

The appeal is bottomed on the appellant's contentions that (1) the appellee was guilty of contributory negligence barring a recovery and (2) the verdict as modified is excessive.

A fair appraisal of the evidence shows that on July 28, 1938, at 2:30 P.M., the truck and coupe were travelling in opposite directions on a paved, straight, level, but wet highway (No. 270) near McLoud, Oklahoma. The coupe was travelling about sixty miles per hour, the appellee's truck about thirty miles per hour. According to appellee's testimony, when the vehicles were about 200 feet apart, the coupe swerved to the appellee's side of the highway (illustrating). Appellee pulled over to the right; appellant's car swerved back on his side. Appellee "felt pretty safe," saw a post indicating a small culvert, sought to avoid running off the culvert; "about that time" and when the cars were about ten feet apart, appellant's car "came right straight back into me (illustrating)."

Other witnesses for the appellee testified that when the cars were about fifty feet apart, appellant's car started skidding obliquely, crashing into the truck. The Highway Patrolman, who arrived about thirty minutes after the accident, said the coupe skidded about fifty feet into the truck on the truck's side of the road. When the cars came to rest, the appellee's front wheels were slightly off the pavement on his side of the road. Photographs showed that the left front end of the coupe struck the truck on the left door and the front of the bed. McGehee, the driver of the coupe, and his wife who was riding with him, did not survive the accident to tell the story.

The appellant contends that these facts convict the appellee of contributory negligence as a matter of law, and he, therefore, cannot recover.

The court submitted both the primary and the contributory negligence issues to the jury. No point is made of the correctness of the court's instructions if, under the proof, the issue of contributory negligence was one which should have been submitted to the jury under the disclosed facts.

 Of course it is elemental that in law the duties incident to ordinary care which appellant and appellee owed to each other, are mutual and reciprocal. Likewise, each had a right to indulge in the presumption that the other would observe the rules of the road and otherwise exercise ordinary

care. It is indisputable that one alleging either primary or contributory negligence has the burden of proving the same by a fair preponderance of the evidence.

■ It is equally elemental that negligence is always a question of fact for the jury and becomes a question of law for the court to decide only when reasonable men would not differ on the evidence when considered in its most favorable light. In this posture it becomes a question of law for the court to determine because absent any evidence of negligence on which reasonable men would differ, there is nothing to submit to the jury.

■ In the view we take of the evidence in this case, it is unnecessary, and we do not decide the question of whether or not in a proper case the federal courts exercising jurisdiction based upon diversity of citizenship, would be required to follow the mandate of the Oklahoma constitution which requires the court to submit the defense of contributory negligence "in all cases whatsoever" to a jury.[1] It may be conceded without deciding that whenever in the trial of a case the evidence is uncontradicted or of such conclusive char-

acter that should a verdict be returned for a party the court, in the exercise of sound judicial discretion, would be obliged to set it aside, it is the right and the duty of the trial court to direct the jury to find accordingly.[2]

■ The evidence in this case fully justifies the submission of the issue of contributory negligence to the jury. The appellee saw the appellant's car swerve toward him and then swerve back, at which instant he "felt pretty safe." It was just as fair and rational to assume in these circumstances that the driver of the appellant's car would continue on his side of the road. The appellee had the right to indulge in the presumption that the appellant would exercise ordinary care. True, he was bound to heed the apparent danger, and to conduct himself in accordance with the rules of prudence. But he was charged only with the responsibility for ordinary impulses which emergencies stimulate. Jenkins v. Kurn, 61 S.Ct. 934, 85 L.Ed. ——, decided by the United States Supreme Court on May 5, 1941.

■ The law does not require one to choose the best way of escape from im-

---

[1] Art. 23, Sec. 6, of the Oklahoma Constitution, Okl.St.Ann., states "The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury." Sapulpa Refining Co. v. Sapulpa, 84 Okl. 93, 202 P. 780; Neversweat Mining Co. v. Ramsey, 84 Okl. 128, 202 P. 787; St. Louis-San Francisco Ry. Co. v. Robinson, 99 Okl. 2, 225 P. 986; Mascho v. Hines, 91 Okl. 295, 217 P. 856; St. Louis-San Francisco Ry. Co. et al. v. Williams, 176 Okl. 465, 56 P.2d 815; S. H. Kress & Co. v. Nash, 183 Okl. 544, 83 P.2d 536; Meiling v. Michael, 182 Okl. 508, 78 P.2d 704.

Arizona has a similar constitutional provision and has adopted the Oklahoma construction. Inspiration Consol. Copper Co. v. Conwell, 21 Ariz. 480, 190 P. 88.

[2] Herron v. Southern Pacific Company, 283 U.S. 91, 51 S.Ct. 383, 75 L.Ed. 857; A. B. Small Co. v. Lambon & Co., 267 U.S. 248, 45 S.Ct. 300, 69 L.Ed. 597; Barrett v. Virginian Railway Co., 250 U.S. 473, 39 S.Ct. 540, 63 L.Ed. 1092; Central Vermont Railway Co. v. White, 238 U.S. 507, 35 S.Ct. 865, 59 L.Ed. 1433, Ann.Cas.1916B, 252; Southern

Pac. Co. v. Pool, 160 U.S. 438, 16 S.Ct. 338, 40 L.Ed. 485; Washington & Georgetown Railway v. Gladmon, 15 Wall. 401, 21 L.Ed. 114; Chambers v. Skelly Oil Co., 10 Cir., 87 F.2d 853; Stanolind Oil & Gas Company v. Kimmel, 10 Cir., 68 F.2d 520; F. W. Woolworth Co. v. Davis, 10 Cir., 41 F.2d 342; People of State of Colorado, for Use of Little, v. Hutchinson et al., 8 Cir., 9 F.2d 275; New Amsterdam Casualty Co. et al. v. Farmers' Co-op of Lyons, Kansas, 8 Cir., 2 F.2d 214; Miller v. Canadian Northern Ry. Co., 8 Cir., 281 F. 664.

Courts have held the doctrine of Erie Railroad v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, inapplicable to this particular function of the federal courts. Gorham v. Mutual Benefit Health & Accident Ass'n of Omaha, 4 Cir., 114 F.2d 97, Certiorari denied Feb. 3, 1941, 312 U.S. 688, 61 S.Ct. 615, 85 L.Ed. ——; Crockett v. McElroy et al. 4 Cir., 116 F.2d 646. But see Sampson v. Channell, 1 Cir., 110 F.2d 754, 128 A.L.R. 394, Certiorari denied 310 U.S. 650, 60 S.Ct. 1099, 84 L.Ed. 1415; Lyon v. Mutual Benefit Health & Accident Ass'n, 305 U.S. 484, 59 S.Ct. 297, 83 L.Ed. 303; Continental Casualty Co. v. Shankel, 10 Cir., 88 F.2d 819, 824.

minent peril suddenly created by another. Stolte et al. v. Larkin (two cases), 8 Cir., 110 F.2d 226.

 When in the exercise of ordinary care, the appellee became conscious of the peril, it became his duty to act as a reasonably prudent person would have acted under similar circumstances. Scritchfield v. Kennedy, 10 Cir., 103 F.2d 467, 471. It is not for the trial court and certainly not for this court to say what, under the described circumstances, a reasonably prudent person should have done. Obviously it becomes the duty of the jury to judge the reactions and impulses of the human mind.

The appellant cannot complain of the failure of the trial court to grant a new trial on the grounds that the verdict of the jury was excessive. There is evidence that the appellee sustained injuries which have incapacitated him from the performance of his regular duties as a farmer, and that his earning capacity was materially impaired.

The appellant was forty-four years of age and apparently enjoying reasonably good health prior to the accident. He now complains of an intense pain in the head and neck, loss of weight and inability to perform hard work. There is a variance in the medical proof concerning the extent of his disability and the cause thereof; but there is competent medical proof to support his complaints and his disability.

The rule that this court will not review the actions of a trial court in granting or denying a motion for a new trial for error of fact is well settled, and has been frequently applied where the ground of the motion was that the damages awarded by the jury were excessive or inadequate. Armit v. Loveland et al., 3 Cir., 115 F.2d 308, 314; Powers v. Wilson, 2 Cir., 110 F. 2d 960; United States Can Co. v. Ryan, 8 Cir., 39 F.2d 445, certiorari denied 282 U.S. 842, 51 S.Ct. 23, 75 L.Ed. 748; Fairmount Glass Works v. Cub Fork Coal Co. et al., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439.

In the absence of clear evidence in the record that the verdict was the result of passion and prejudice, this court is without authority to review the amount of verdict in a tort action. Terminal R. Ass'n of St. Louis v. Farris, 8 Cir., 69 F.2d 779, 785; Kroger Grocery & Baking Co. v. Yount, 8 Cir., 66 F.2d 700, 92 A.L.R. 1166; F. W. Woolworth Co. v. Davis, supra;

Powers v. Wilson, supra; Fairmount Glass Works v. Cub Fork Coal Co., supra.

The learned trial judge exercised his sound and mature judgment based upon his observation of the parties, the witnesses, and his intimate knowledge of the facts. In the exercise of his discretion, he determined that the verdict of the jury was excessive and required the appellee to accept a remittitur or a new trial. There is no evidence or finding by the court that the verdict of the jury was based upon passion or prejudice and this court shall not disturb the trial court's judgment.

The judgment of the trial court is affirmed.