**FORNWALT v. READING CO.**

No. 6708.

United States District Court
E. D. Pennsylvania.

Sept. 10, 1948.

B. Nathaniel Richter and Richter, Lord & Farage, all of Philadelphia, Pa., for plaintiff.

Henry R. Heebner and Morgan, Lewis & Bockius, all of Philadelphia, Pa., for defendant.

MURPHY, District Judge.

Plaintiff brought an action under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60, to recover for injuries sustained while employed in interstate commerce as a brakeman at the defendant's Port Richmond Railroad Yard in Philadelphia. In a trial otherwise free from error the jury returned a verdict for the plaintiff in the sum of $15,000. Defendant moves for a new trial on the sole ground that the amount of the verdict is grossly excessive.

When the verdict was returned we advised counsel at side bar that we thought the amount of the verdict was excessive. Of course, the court is not bound by expressions made at the time. Searfoss v. Lehigh Valley R. Co., 2 Cir., 1935, 76 F.2d 762 at page 763; Cole v. Loew's Inc., D.C.S.D.Cal.1948, 76 F.Supp. 872, at page 874. However, after a study of the briefs of counsel and an independent study of the authorities and, in the light thereof, a thorough consideration of the testimony, we are confirmed in our judgment that the verdict was grossly excessive, and that the cause should be submitted to another jury unless the plaintiff is willing to remit a part of the damages awarded.

Considering as true all testimony in plaintiff's favor and giving him the benefit of all reasonable inferences deducible therefrom, the testimony shows that plaintiff while engaged in shifting operations on October 10, 1946, was injured as a result of being caught between a standing car on Track 22 and a moving car on Track 23 at a point where there was insufficient clearance for plaintiff's safety. Plaintiff was "rolled and twisted" and dropped to the ground conscious but in great pain in chest and body. He was taken to the hospital where, upon arrival, he was in a state of shock; blood plasma was administered, oxygen by nasal catheter, and morphine, X-rays taken and the chest strapped.

Eight ribs were fractured; five on the left side, three on the right; the left second and right fifth were badly displaced. There was no other involvement. Plaintiff remained in bed for about a week, up and around a few days and was discharged from the hospital on October 19, 1946, although it was several weeks before he could move around without help. At home the family physician treated him by medication and by restrapping his chest on several occasions.

December 11, 1946, X-rays revealed that all the ribs were in the process of healing, the two displaced ribs having, however, overlapped.

After examination by the family physician on December 30, 1946, plaintiff returned to his old job January 7, 1947. He has, with the exception of thirty-two days, continued working steadily, including Sundays, up to the time of trial, May 24, 1948, a period of slightly over sixteen and one-half months. The time lost plaintiff attributed to his injury; occasions when on a previous day plaintiff had performed unusually hard work and felt the necessity of taking the following day off.

Although at first plaintiff felt pain in his chest upon every movement, his condition improved so that later he felt pain only when there was a change in the weather or when he was obliged to do strenuous work. The family physician testified this condition will continue. To the extent that the ribs overlapped there would be a decrease in plaintiff's chest expansion. The record does not indicate how much. The roentgenologist said "to some extent"; the family doctor "not too violently"; the defendant's surgeon that there was no external evidence of any change in the chest or rib structure and no objective deformity. To the extent that any reduction has taken place, it will cause plaintiff to breathe more frequently and tire more easily when exercising.

Since January 7, 1947, to the date of trial, plaintiff worked for some time as a conductor, lighter work than that of brakeman, and while doing the lighter work did not experience discomfort except when the weather changed. Having six years seniority, plaintiff was qualified to act as conductor but cannot obtain a permanent position as such until the seniority roster permits. At the time of trial he was again working as a brakeman.

The special damages consisted of the bill of the family physician, $36; time lost between October 10, 1946, and January 7, 1947, eighty-eight days, and from the time of returning to work until trial, thirty-two days, or a total of one hundred twenty days. If plaintiff had worked as a brakeman at $11.46 per day, such loss would be $1,375.20; as a conductor at $12.31 per day, $1,477.20, or an aggregate total of $1,411.20 or $1,513.20.

■ Where the damages are unliquidated and there is no fixed measure of mathematical certainty, no precise rule or yardstick for translating injury into money, courts in general are reluctant to disturb a jury's verdict on the ground of excessiveness. This is particularly true in respect to damages in tort actions for personal injury. Armit v. Loveland, 3 Cir., 1940, 115 F.2d 308, 314; Dubrock v. Interstate Motor Freight System, 3 Cir., 1944, 143 F.2d 304; Scott v. Baltimore & O. R. Co., 3 Cir., 1945, 151 F.2d 61, 64, 65; 15 Am.Jur., Damages, Section 204, p. 620, Section 366, p. 804.

■ Ordinarily in these cases the damages must depend very much upon the good sense and sound, deliberate judgment of the jury upon all the facts and circumstances of the particular case. Illinois Cent. R. Co. v. Barron, 1866, 72 U.S. 90, 105, 106, 5 Wall. 90, 105, 106, 18 L.Ed. 591.

■ "The discretion of the jury as to the amount of damages to be awarded, while very wide, is not an arbitrary or unlimited discretion, but * * * must be exercised reasonably, intelligently, and in harmony with the testimony before it * * *" 15 Am.Jur., Damages, Section 366, p. 804.

■ The amount awarded must bear some reasonable proportion to the injury sustained and the loss suffered by the plaintiff. Courts will not interfere merely be-

cause the amount of the verdict is large or because they take a different view of the case or would have awarded less. 15 Am. Jur., Section 205, p. 622; Malone v. Montgomery Ward & Co., Inc., D.C.Miss.1941, 38 F.Supp. 369, 370; Peltomaa v. Katahdin Pulp & Paper Co., C.C.Me.1906, 149 F. 282. Where there is any margin for a reasonable difference of opinion in the matter, the view of the court should yield to the verdict of the jury, rather than to the contrary. Smith v. Pittsburgh & W. Ry. Co., C.C.Ohio 1898, 90 F. 783, at page 788.

■ "All that the court can do is to see that the jury approximates a sane estimate, or, as it is sometimes said, see that the results attained do not shock the judicial conscience." 15 Am.Jur., Id., Section 205, p. 622. "The court will review the amount of a verdict only where it is so grossly excessive as would shock our sense of justice, and the impropriety of allowing it to stand is manifest." Boyle v. Ward, D.C.M.D.Pa.1941, 39 F.Supp. 545, 548.

■ When the court is asked to disturb the verdict of the jury, as stated by Mr. Justice Story in Blunt v. Little, C.C.Mass. 1822, Fed.Cas.No.1,578, 3 Mason 102, "It is indeed an exercise of discretion full of delicacy and difficulty. But if it should clearly appear that the jury have committed a gross error, or have acted from improper motives, or have given damages excessive in relation to the person or the injury, it is as much the duty of the court to interfere, to prevent wrong, as in any other case." In that case the court held that the cause should be submitted to another jury unless plaintiff remitted a portion of the damages.

The practice was approved in Northern Pacific R. Co. v. Herbert, 1886, 116 U.S. 642, 646, 6 S.Ct. 590, 592, 29 L.Ed. 755. "The exaction, as a condition of refusing a new trial, that the plaintiff should remit a portion of the amount awarded by the verdict was a matter within the discretion of the court. It held that the amount found was excessive, but that no error had been committed on the trial. In requiring the remission of what was deemed excessive it did nothing more than require the relin-quishment of so much of the damages as, in its opinion, the jury had improperly awarded. The corrected verdict could, therefore, be properly allowed to stand."

The matter was again before the Supreme Court in Arkansas Valley Land & Cattle Co. v. Mann, 1889, 130 U.S. 69, 72, 73, 9 S.Ct. 458, 32 L.Ed. 854. The court approved the language of Blunt v. Little and 130 U.S. at page 74, 9 S.Ct. at page 459 stated that "The practice which this court approved in Northern Pacific R. Co. v. Herbert is sustained by sound reason, and does not, in any just sense, impair the constitutional right of trial by jury."

■ Attention is called to the language in Smith v. Pittsburgh, etc., supra, 90 F. at page 787, and to that of Mr. Justice Harlan in Arkansas Valley, etc., v. Mann, supra, 130 U.S. at pages 74, 75, 76, 9 S.Ct. at pages 459, 460, as well as to 15 Am.Jur., Id., Section 204, p. 620, and section 205, p. 623, and see 3 Moore's Federal Practice, Section 59.02, p. 3243, as to the distinction between remitting in a case where excess is the only infirmity of the verdict and granting a new trial where the jury was either governed by passion or had deliberately disregarded the instructions of the court or the facts that made for the defendant. In either of the latter cases, the court should grant a new trial. In fact, in Minneapolis, St. Paul & Sault Ste. Marie Ry. Co. v. Moquin, 1931, 283 U.S. 520, 521, 51 S.Ct. 501, 75 L.Ed. 1243, Mr. Justice Roberts for the court held that in actions of this kind if the verdict is in any degree the result of passion or prejudice there can be no remittitur; a new trial must be awarded.

Here all we hold is that the sum awarded is grossly excessive and bears no proportion to the injury received or the damages sustained. See Jacoby v. Johnson, 3 Cir., 1903, 120 F. 487, 488, "Undoubtedly, where the jury, after being properly instructed by the court, return an excessive verdict, the court, in the exercise of its judicial discretion, may make a conditional order granting a new trial unless the plaintiff

remits the excess." And see 3 Moore Op. Cit. supra, p. 3245, n. 12.[1]

■ In determining whether or not the verdict is excessive, we take into consideration the fact that eight of plaintiff's ribs were fractured; however, they have recovered satisfactorily, except insofar as two of them have overlapped. As to the overlapping, there is a permanent condition to whatever extent this overlapping occurred and, as a result thereof, plaintiff will in the future suffer some discomfort. As to the time lost, i. e., thirty-two days in a sixteen and one-half month period, the testimony was that plaintiff's occasions of pain had reduced considerably. Considering the fact that plaintiff was injured severely; that he suffered considerable pain, and lost some time from work; also that he will likely suffer some pain and loss of time in the future; considering also that at the time of trial plaintiff was forty-one years of age with a twenty-seven year life expectancy, we feel that a fair amount consistent with the injury and damages revealed in the record would be $7,500.

An order in compliance with this opinion will be filed this date.

## Order.

Now, this 10th day of September, 1948, It Is Ordered that the motion of the defendant, Reading Company, for a new trial is granted unless the plaintiff, Mervin Fornwalt, within ten (10) days after service of this order, shall in a writing filed with the Clerk of the United States Court in and for the Eastern District of Pennsylvania, remit all damages above the sum of $7,500.

---

[1] Care must be taken in distinguishing cases in the appellate courts where the difficulty is procedural; a lack of power to grant the requested relief. "The rule in the federal courts is strongly stated that where the claimed excessiveness is not purely a matter of law, as where the maximum recovery permitted by statute has been exceeded, but is only one of judgment as to the amount proved by the evidence, the decision rests with the trial court, and only where there is an abuse of discretion is its action reviewable." Dubrock v. Interstate Motor Freight System, supra, 143 F.2d at page 308; Scott v. Baltimore & O. R. Co., supra, 151 F.2d at page 64; Armit v. Loveland, supra, 115 F.2d at page 314; United States Can Co. v. Ryan, 8 Cir., 1930, 39 F.2d 445, at page 447, certiorari denied 282 U.S. 842, 51 S.Ct. 23, 75 L.Ed. 748; Miller v. Maryland Casualty Co., 2 Cir., 1930, 40 F.2d 463, 464; Scarfoss v. Lehigh Valley R. Co., supra, 76 F.2d at page 763; Powers v. Wilson, 2 Cir., 1940, 110 F.2d 960, 961; Southern Railway-Carolina Division v. Bennett, 233 U.S. 80, 87, 34 S.Ct. 566, 567, 58 L.Ed. 860, Mr. Justice Holmes, " * * * a case of mere excess upon the evidence is a matter to be dealt with by the trial court. * * *"